

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-1994

# Reich v. Chez Robert, Inc. et al.

Precedential or Non-Precedential:

Docket 93-5619

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

## Recommended Citation

"Reich v. Chez Robert, Inc. et al." (1994). *1994 Decisions.* Paper 76.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/76

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————————

No. 93–5619

————————————

ROBERT REICH, Secretary of Labor,
United States Department of Labor,

Appellant

v.

CHEZ ROBERT, INC., ROBERT SLIWOWSKI,
individually and as Owner and President

Appellee

————————————

On Appeal From the United States District Court
for the District of New Jersey
(D.C. Civil No. 87–2219)

————————————

Submitted Under Third Circuit LAR 34.1(a)
May 12, 1994

Before: BECKER AND LEWIS, Circuit Judges
and POLLAK, District Judge'.

(Filed  July 7, 1994)

            LAURISTON H. LONG
            WILLIAM J. STONE
            United States Department of Labor
            200 Constitution Avenue, N.W.
            Washington, DC  20210

                Attorneys for Appellant

            ROBERT SLIWOWSKI
            45 Covington Lane
            Voorhees, NJ  08043

———————————

'Honorable Louis H. Pollak, United States District Judge for the
    Eastern District of Pennsylvania, sitting by designation.

1

Appellee

———————————

OPINION OF THE COURT

———————————


Pollak, District Judge.

Secretary of Labor Robert Reich ("Secretary") here
appeals from a judgment of the United States District Court for
the District of New Jersey in an action brought under the Fair
Labor Standards Act, 29 U.S.C. § 201 et seq. The Secretary
contends that the court erred in reducing the statutory liability
of defendants -- a restaurant and its owner -- for back wages by
improperly taking into account tips earned by employees during
the violation period.[2] For the reasons set forth below, we agree
with the Secretary, and we remand for further proceedings
consistent with this opinion.

Background: The facts, insofar as relevant for this
appeal, are as follows.[3] This suit to enforce the Fair Labor
Standards Act ("the Act") was commenced in 1987. The defendants
are Chez Robert, Inc., an "upscale" restaurant in New Jersey, and
its owner Robert Sliwowski. The complaint alleged violations of
the minimum wage, overtime, and record-keeping provisions of the

———————————————————————————————

[2]Defendants-appellees have not filed a responsive brief in this
appeal. We therefore have before us only the brief of appellant,
Secretary Reich.
[3]The complete factual background and the many facets of the
underlying case are amply set forth in the district court's
comprehensive opinion, Reich v. Chez Robert, Inc., 821 F.Supp.
967 (D.N.J. 1993).

Act.  After a bench trial that began in March, 1992, the district court held that the defendants had willfully violated the wage, overtime and record-keeping provisions of the Act.  The court awarded both damages and injunctive relief, and found defendants liable for two kinds of damages: (1) "actual damages" -- i.e. unpaid hours, underpaid overtime, and uniform maintenance expenses -- in the amount of $177,809.66, and (2) tip credit remunerations -- i.e. the cumulative amount by which the wages of Chez Robert's employees fell short of the minimum wage -- in the amount of $229,794.19.  The total damages came to $407,603.85.  The court reduced the award to $305,702.88 to reflect tips earned by employees during the relevant period.  The Secretary contends that the district court's decision to discount defendants' liability was erroneous.  As framed by the Secretary's brief, the only issue before this court is "whether the district court erred as a matter of law by sua sponte reducing, across the board, the back wage awards to individual employees by 25% from the amounts which the court found otherwise owed to them as a result of defendants' violation of the [Act]."  Appellant's Br. at 2.

Discussion:  The Secretary bases his appeal upon

Section 3(m) of the Fair Labor Standards Act, which provides that
. . . In determining the wage of a tipped employee,
the amount paid such employee by his employer shall be
deemed to be increased on account of tips by an amount
determined by the employer . . . except that the amount
of the increase on account of tips determined by the
employer may not exceed the value of tips actually
received by the employee.  The previous sentence shall
not apply with respect to any tipped employee unless
(1) such employee has been informed by the employer of
the provisions of this subsection, and (2) all tips

3

>        received by such employee have been retained by the
>        employee . . .

29 U.S.C. § 203 (m).

Section 3(m) therefore allows an employer to reduce a tipped employee's wage below the statutory minimum by an amount to be made up in tips, but only if the employer informs the tipped employee that her wage is being decreased under section 3(m)'s tip-credit provision. If the employer cannot show that it has informed employees that tips are being credited against their wages, then no tip credit can be taken and the employer is liable for the full minimum-wage ($3.35/hr in this case). Martin v. Tango's Restaurant, Inc., 969 F.2d 1319, 1322-23 (1st Cir. 1992).

At trial, defendants argued, pursuant to section 3(m), that their liability for back wages should be calculated at $2.01/hour, the rate at which Chez Robert's employees were apparently paid. Defendants argued that they were entitled to a tip credit of $1.34/hour for the balance of the $3.35 per hour statutory minimum wage.[4] The district court rejected defendants' argument. The court found that defendants had not notified employees of the tip credit as required under the Act, and therefore were not entitled to the offset. Chez Robert, 821 F.Supp. at 977. Using the statutory minimum wage of $3.35/hour, the court calculated defendants' liability for back wages to be $177,809.66 in unpaid wages, underpaid overtime and uniform

---

[4]The minimum wage applicable until March 31, 1990, was $3.35 per hour. The violations by Chez Robert and its owner occurred prior to that date. The current statutory minimum wage, which became effective on March 31, 1991, is $4.35 per-hour. 29 U.S.C. § 206(a)(1).

4

maintenance, plus $229,794.19 in disallowed tip credit

deductions, for a total of $407,603.85.  Id. at 985.  The

Secretary does not challenge this initial determination.

The Secretary takes issue with what the district court

did next.  Notwithstanding that the court found defendants not to

be entitled to the tip deduction under section 3(m), the court

made the following ruling:

> the Secretary has made no provisions . . . for tips
> actually received by employees.  Certainly no precise
> amount can be determined.  . . . Chez Robert is an
> expensive "upscale" restaurant and certainly capable of
> generating income that would have supplemented
> employees' incomes to a great degree.  Since the
> Secretary did not account for tips actually received,
> the Court must apply a discount rate to the damages
> owed to each employee.  . . . The Court has adjusted
> Defendants' liability to account for this inflating
> factor.  The $177,809.66 in actual damages and the
> $229,794.19 in tip credit remunerations will be reduced
> by 25%.  Therefore, after discounting, Defendants'
> [sic] are obligated to pay total damages, actual and
> tip credit, in the amount of $305,702.88.

Id. at 985.

Appellant argues that the above ruling was erroneous

because it essentially gives defendants a tip credit which the

court had already determined they were statutorily barred from

claiming.  The pertinent cases support the Secretary's argument.

In Tango's Restaurant, the First Circuit held that "Congress

chose to allow employers a partial tip credit if, but only if,

certain conditions are met."  969 F.2d at 1322.  The notice

requirement is a firm one:

> It may at first seem odd to award back pay against an
> employer, doubled by liquidated damages, where the
> employee has actually received and retained base wages
> and tips that together amply satisfy the minimum wage
> requirements.  Yet Congress has in section 3(m)

5

> expressly required notice as a condition of the tip credit and the courts have enforced the requirement. . . . If the penalty for omitting notice appears harsh, it is also true that notice is not difficult for the employer to provide.

Id. at 1323 (internal citations omitted).

In this case, the district court did exactly what Tango's Restaurant instructs against doing: that is, alleviate the harsh results of the notice requirement by reducing damages out of an equitable sense that some offset for tips should be allowed. 821 F.Supp. at 985. If such a ruling were permissible, the district courts would effectively have discretion to waive the notice requirement in the interests of perceived fairness to the employer. While that is perhaps not in itself an undesirable power for the district courts to have, it is not, as the First Circuit tells us, what the statute permits.

The First Circuit's view is shared by other courts that have addressed the section 3(m) notice requirement. In Richard v. Marriott Corp., 549 F.2d 303 (4th Cir. 1977), the Fourth Circuit held that the district court erred when it allowed a partial tip credit for Marriott "out of a vague sense of fairness and a feeling that $5.43 and up per hour is enough for a wait[e]r[ess]", when it was established that "Marriott never informed its employees of the provisions of Section 3(m) of the [Act]." Id. at 305.

The Fifth Circuit has likewise held that where it was agreed that a restaurant did not inform waiters that a tip-credit was being deducted from their wages, "the district court properly found that the employees were entitled to the full minimum wage

6

for every hour" at issue. <u>Barcellona v. Tiffany English Pub</u>, 597 F.2d 464, 467-68 (5th Cir. 1979); <u>see</u> <u>also</u> <u>Marshall v. Gerwill, inc.</u>, 495 F.Supp. 744, 753 (D.Md. 1980) (without section 3(m) notice, "retaining of tips by the [employees] cannot offset the failure to pay the applicable minimum wage."); <u>Bonham v. Copper Cellar Corp.</u>, 476 F.Supp. 98, 101-02 (E.D.Tenn. 1979) (barring tip credit for employer who failed to explain provisions of section 3(m) to employees, even though employer acted in good faith).

We have not previously had occasion to address whether the notice requirement of section 3(m) may be waived by the district court when there is evidence of actual tips received. Now faced with that question, we agree with the interpretation of the statute reached by the First Circuit in <u>Tango's Restaurant</u>. When the employer has not notified employees that their wages are being reduced pursuant to the Act's tip-credit provision, the district court may not equitably reduce liability for back wages to account for tips actually received.

Accordingly, we find that the district court erred in reducing defendants' liability from $407,603.85 to $305,702.88. The judgment of the district court is vacated and the case is remanded to the district court for proceedings consistent with this opinion.