**UNITED STATES DEPARTMENT OF LABOR, Plaintiff–Appellee,**

v.

**COLE ENTERPRISES, INC., and William C. Cole, Defendants–Appellants.**

No. 94–3070.

United States Court of Appeals, Sixth Circuit.

Argued May 23, 1995.

Decided June 30, 1995.*

* This decision was originally issued as an "unpublished decision" filed on June 30, 1995.

Before: MILBURN and BATCHELDER, Circuit Judges; TODD,** District Judge.

TODD, District Judge.

Defendants Cole Enterprises, Inc., and William C. Cole appeal the judgment and amended judgment of the district court finding that they violated certain provisions of the Fair Labor Standards Act. On appeal, the Defendants contend that William C. Cole is not an employer within the meaning of Fair Labor Standards Act, that the district court incorrectly shifted the burden of proof to the Defendants, and that the evidence shows that no violation of the Fair Labor Standards Act occurred. For the reasons that follow, we affirm.

## I.

### A.

On June 4, 1992, the Secretary of Labor filed a complaint against Cole Enterprises, Inc. d/b/a the Echo Restaurant, and William C. Cole, the president and 50% shareholder of Cole Enterprises, Inc. The complaint alleged violations of the minimum wage and record keeping provisions of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. §§ 206(a), 211(c), 215(a)(2), and 215(a)(5). The Secretary requested an injunction permanently enjoining further violations of FLSA and restraining Cole Enterprises, Inc., and William C. Cole from continuing to withhold unpaid minimum wages that were due their employees for the period June, 1990, through August, 1992[1]. A bench trial was held on November 9–11, 1993. On December 2, 1993, the district court entered judgment in favor of the Secretary, awarding $3,466.10 in back wages plus prejudgment interest, and granting a permanent injunction. On February 1, 1994, the district court entered an amended judgment in the amount of $4,400.88, and incorporated an exhibit showing the total amount of back wages and

William J. Stone, Mary J. Rieser (argued and briefed), U.S. Dept. of Labor, Office of Sol., Washington, DC, for plaintiff-appellee.

Roger E. Friedmann (argued and briefed), Loeb, Vollman & Friedmann, Cincinnati, OH, for defendants-appellants.

---

** The Honorable James D. Todd, United States District Judge for the Western District of Tennessee, sitting by designation.

1. The complaint covered the period up through June, 1991. At trial, however, the Secretary presented proof of violations through August, 1992.

interest due each of fourteen employees. This appeal followed.

### B.

Defendant Cole Enterprises, Inc., is the owner of the Echo Restaurant, located in Cincinnati, Ohio. William C. Cole and his wife are the co-owners of the corporation, each owning 50% of the shares. William C. Cole is the president and vice president of the corporation. The restaurant is open to the public from 6:00 a.m. to 7:45 p.m. Tuesday through Saturday, serving breakfast, lunch and dinner. The waiters and waitresses employed at the Echo Restaurant were tipped employees, and their scheduled shifts were either 6:00 a.m. to 2:30 p.m. or 11:30 a.m. to 8:00 p.m. Most of the waiters and waitresses, however, began working prior to the beginning of their shift, and continued working after the shift ended, in order to prepare the restaurant for customers and clean up afterward. Nevertheless, the employees were told by Nancy and William C. Cole to record only the scheduled shift hours on their time sheets, not the actual hours they worked. Even if they recorded their actual hours, the employees were paid only for the scheduled shift hours.

### II.

### A.

■ We review the district court's findings of fact under the clearly erroneous standard. *See* Fed.R.Civ.P. 52(a); *Bartling v. Fruehauf Corp.,* 29 F.3d 1062, 1067 (6th Cir. 1994). When the findings rest on credibility determinations, Rule 52 requires even greater deference. *Id.* Conclusions of law are reviewed *de novo. See Affiliated FM Ins. Co. v. Owens–Corning Fiberglas Corp.,* 16 F.3d 684, 686 (6th Cir.1994).

### B.

■ The Defendants maintain that the district court erred in concluding that William C. Cole is an employer within the meaning of FLSA. This issue is a question of law, rather than fact. *See Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 965 (6th Cir.

1991). Under FLSA, an "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee ..." 29 U.S.C. § 203(d). In *Fegley v. Higgins,* 19 F.3d 1126 (6th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 203, 130 L.Ed.2d 134 (1994), we held that the test to be applied in determining whether a person is an "employer" responsible for FLSA obligations is one of "economic reality." *Id.* at 1131. More than one "employer" can be responsible for FLSA obligations. Thus, a corporate officer who has operational control of the corporation's covered enterprise is an "employer" under FLSA, along with the corporation itself. *Id.* One who is the chief executive officer of a corporation, has a significant ownership interest in it, controls significant functions of the business, and determines salaries and makes hiring decisions has operational control and qualifies as an "employer" for the purposes of FLSA. *Id.*

■ The Defendants argue that the evidence does not support a finding that William C. Cole had operational control over the Echo Restaurant. However, the evidence shows that Mr. Cole is the president of Cole Enterprises, Inc., and that he owns a significant portion of the corporation (50%). In their responses to the Secretary's first set of interrogatories, the Defendants indicate that Mr. Cole was engaged in running the business, that he was authorized to issue checks on the corporate accounts, that he and his wife had custody and control of the employment records, and were responsible for maintaining those records. The Defendants also admit in their responses that Mr. Cole and his wife determined the employment practices for the Echo Restaurant, including hiring, firing, rates of pay and hours of work. In addition, the testimony given at trial shows that Mr. Cole continued to work at the Echo Restaurant through August 1992. He was involved in scheduling of hours, payroll, and the hiring of employees.

The district court's findings of fact regarding the extent of Mr. Cole's operational control over the Echo Restaurant are supported in the record, and are not clearly erroneous. Therefore, we find that the district court

correctly concluded that Mr. Cole is an "employer" for the purpose of FLSA liability.

### C.

██ The Defendants also argue that the evidence fails to show that their employment records were inaccurate or inadequate; therefore, the district court erroneously required them to carry the burden of proving that the minimum wage was paid for all hours worked by the restaurant employees. In *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946)[2], the Supreme Court specified how the burden of proof should be allocated in FLSA cases:

> [W]here the employer's records are inaccurate or inadequate … an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Id.* at 687–88, 66 S.Ct. at 1192; *Fegley*, 19 F.3d at 1133.

An employer is required, pursuant to 29 U.S.C. § 211(c), to make and keep records of employees' wages and hours, plus other employment conditions and practices. Regulations require payroll records to be kept for a period of three years, and time sheets for two years. *See* C.F.R. §§ 516.5(a), 516.6(a)(1). Additional records are required for tipped employees. *See* 29 C.F.R. § 516.28.

The evidence in this case demonstrates that the Defendants failed to keep accurate records of the actual hours worked by the employees. The employees were told by William C. Cole and his wife to record only the scheduled shift hours on their time sheets, for example, 6:00 a.m. to 2:30 p.m., not their actual hours worked. Although the Defendants argue that it was the employees' responsibility to accurately record their hours, the evidence clearly shows that this was not done. As the district court also found that the employees had produced sufficient evidence that they had, in fact, performed work for which they were not compensated, it was not error to shift the burden of proof to the Defendants as set forth in *Mt. Clemens Pottery*.

### III.

#### A.

The district court found that the waiters and waitresses employed by the Echo Restaurant worked an average of one half-hour per day outside their scheduled shift hours, and that the Defendants had failed to compensate the employees for this extra work. The Defendants maintain that the evidence fails to support these conclusions.

██ The Defendants first argue that no pre-shift or post-shift work was performed by the employees, and that it was the restaurant's policy for employees to stop working at the end of their shift. The evidence, however, shows otherwise. Various employees testified that they performed both pre-shift and post-shift work, which included such tasks as setting up the dining room, preparing coffee and tea, filling condiment containers, setting out side dishes and desserts, cleaning tables and countertops, finishing serving customers, and putting away equipment. These activities constitute principal activities that are compensable under FLSA. *See* 29 C.F.R. § 790.8. The employees testified that this work was required by the manager and by Mr. Cole himself. In any event, it is the responsibility of management to see that work is not performed if it does not want it to be performed. The management "cannot sit back and accept the

---

**2.** This case has been superseded by statute on other grounds, as stated in *Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C.Cir.), *cert.* *denied,* 409 U.S. 1012, 93 S.Ct. 441, 34 L.Ed.2d 306 (1972). *See Fegley v. Higgins,* 19 F.3d 1126, 1133 (6th Cir.1994).

benefits without compensating for them." 29 C.F.R. § 785.13.

■ The Defendants next argue that even if the employees did pre-shift or post-shift work, it was "de minimis." In *Mt. Clemens Pottery*, the Supreme Court noted that "[w]hen the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded." 328 U.S. at 692, 66 S.Ct. at 1195. The Defendants cite *E.I. DuPont De Nemours & Co. v. Harrup*, 227 F.2d 133 (4th Cir.1955), in support of their argument. The court in *Harrup*, however, found that the work in question took less than ten minutes per day. *Id.* at 135. Here, the record supports the district court's finding that the employees each worked an average of a half-hour per day outside the scheduled shifts. This amount of time is not appropriately considered "de minimis." *See Mt. Clemens Pottery*, 328 U.S. at 692, 66 S.Ct. at 1195, 29, C.F.R. § 785.47 ("de minimis" rule applies only where "there are uncertain and indefinite periods of time involved of a few seconds or minutes duration").

■ The Defendants also contend that the employees' total weekly wage met the minimum wage requirements, even though some pre-shift or post-shift work was performed. The provisions of FLSA set the minimum wage in terms of an hourly rate. *See* 29 U.S.C. § 206(a). However, several courts have held that an employer meets the minimum wage requirements if the total weekly wage paid is equal to or greater than the number of hours worked in the week multiplied by the statutory minimum hourly rate. *See Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 357 (8th Cir. 1986); *Dove v. Coupe*, 759 F.2d 167, 171 (D.C.Cir.1985); *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir.1960); *Cuevas v. Monroe St. City Club, Inc.*, 752 F.Supp. 1405, 1416–17 (N.D.Ill. 1990); *Travis v. Ray*, 41 F.Supp. 6, 9 (W.D.Ky.1941).

The compensation paid to the tipped employees of the Echo Restaurant consisted of three components: a cash component of $1.96 per hour, a meal credit of $.25 per hour, and a tip credit. During the period April 1, 1990, through March 31, 1991, an employer could take a maximum tip credit of 45% of the minimum wage of $3.80 per hour. After March 31, 1991, the maximum tip credit was 50% of the minimum wage of $4.25 per hour. *See* 29 U.S.C. § 203(m). The Defendants apparently contend that they took the maximum tip credit at all times, because they argue that a cash component of only $1.84 per hour was required through March 31, 1991, and $1.96 was paid; after March 31, 1991, a cash component of $1.875 per hour was required, and $1.96 per hour was paid.[3] Therefore, the Defendants claim that the employees' total weekly cash wage met the minimum wage requirements, even with the addition of the pre-shift and post-shift hours.

Contrary to the Defendants' assertion that the maximum tip credit was taken at all times, the district court found, and the payroll records in evidence show, a tip credit of $1.59 through March 31, 1991, and of $2.04 thereafter. Thus, the hourly wage paid for the scheduled shift hours equalled the minimum wage rate, but did not exceed it[4], so that the total weekly wage did not meet the minimum wage requirements once the pre-shift and post-shift work was considered. The evidence also supports the district court's finding that the Defendants failed to make the employees aware of the existence of the tip credit or its amount, as required by 29 U.S.C. § 203(m) and 29 C.F.R. § 516.28(a)(3).

## B.

■ Lastly, the Defendants object to the estimates of back wages due calculated by the Department of Labor investigator, apparently because they may not be precisely accurate. However, in *Mt. Clemens Pottery*, the Supreme Court stated that where the

---

3. A minimum wage of $3.80 per hour, less a 45% tip credit of $1.71, less a $.25 meal credit, equals $1.84. A minimum wage of $4.25 per hour, less a 50% tip credit of $2.125, less a $.25 meal credit, equals $1.875.

4. $1.96 + $.25 + $1.59 = $3.80.
   $1.96 + $.25 + $2.04 = $4.25.

employer's records are inadequate or inaccurate,

> The solution ... is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act....

> The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of § 11(c) of the Act ... Nor is such a result condemned by the rule that precludes the recovery of uncertain and speculative damages. That rule applies only to situations where the fact of damage itself is uncertain. But here we are assuming that the employee has proved that he has performed work and has not been paid in accordance with the statute. The damage is therefore certain.... It is enough under these circumstances if there is a basis for a reasonable inference as to the extent of the damages. (Citations omitted).

328 U.S. at 687–88, 66 S.Ct. at 1192–93; *see also Fegley,* 19 F.3d at 1133 n. 8; *McLaughlin v. Ho Fat Seto,* 850 F.2d 586, 589 (9th Cir.1988), *cert. denied,* 488 U.S. 1040, 109 S.Ct. 864, 102 L.Ed.2d 988 (1989); *Brock v. Seto,* 790 F.2d 1446, 1448–49 (9th Cir.1986).

The investigator's estimates in this case were based on the employees' interview statements, the employment records, and the employees' testimony at trial. Consideration of such evidence is appropriate in determining the amount of back wages due. *See Hodgson v. American Concrete Constr. Co.,* 471 F.2d 1183, 1186 (6th Cir.), *cert. denied sub nom. American Concrete Constr. Co. v. Brennan,* 412 U.S. 949, 93 S.Ct. 3007, 37 L.Ed.2d 1001 (1973). The information was also used to make estimates and calculations for similarly situated employees who did not testify. The testimony of fairly representative employees may be the basis for an award of back wages to nontestifying employees. *See Reich v. Southern Maryland Hosp., Inc.,* 43 F.3d 949, 951 (4th Cir. 1995); *Martin v. Tony and Susan Alamo Found.,* 952 F.2d 1050, 1052 (8th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 2992, 120 L.Ed.2d 869 (1992); *Martin v. Selker Bros., Inc.,* 949 F.2d 1286, 1297 (3d Cir.1991); *Secretary of Labor v. DeSisto,* 929 F.2d 789, 792 (1st Cir.1991); *Ho Fat Seto,* 850 F.2d at 589; *Brock v. Norman's Country Market, Inc.,* 835 F.2d 823, 828 (11th Cir.), *cert. denied,* 487 U.S. 1205, 108 S.Ct. 2845, 101 L.Ed.2d 883 (1988); *Beliz v. W.H. McLeod & Sons Packing Co.,* 765 F.2d 1317, 1331 (5th Cir. 1985).

In making his calculations of compensation due, the investigator allowed the maximum tip credit even though the evidence shows that the Defendant did not take the maximum credit, and even though complete disallowance of a tip credit is permitted when the employer fails to comply with the requirement of notifying the employees, as was the case here. *See Reich v. Chez Robert, Inc.,* 28 F.3d 401, 403 (3d Cir.1994); *Martin v. Tango's Restaurant, Inc.,* 969 F.2d 1319, 1322–23 (1st Cir.1992); *Bonham v. Copper Cellar Corp.,* 476 F.Supp. 98, 101–02 (E.D.Tenn. 1979). We agree with the district court's conclusion that the calculations of the investigator are a reasonable and generous estimate of the back wages due to the Defendants' employees for the pre-shift and post-shift hours worked.

## IV.

For the foregoing reasons, the district court's decision is AFFIRMED.