**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Shawn L. BRYSON, Defendant–
Appellant.**

No. 00–3619.

United States Court of Appeals,
Sixth Circuit.

June 15, 2001.

Before JONES, SUHRHEINRICH, and DAUGHTREY, Circuit Judges.

Shawn L. Bryson, a pro se federal prisoner, appeals a district court judgment denying his petition for relief filed under 5 U.S.C. § 702. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In May 1995, Bryson pleaded guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). The court sen-

tenced him to a total of 120 months of imprisonment. Bryson did not appeal his convictions or sentence. In July 1996, Bryson filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the district court denied as without merit.

Thereafter, Bryson filed a petition seeking declaratory and injunctive relief under 5 U.S.C. § 702 of the Administrative Procedure Act. Bryson argued that: 1) the statutes under which he was charged were not properly enacted into law because the statutes cannot be found in the federal register and because they "were not promulgated as required by 44 U.S.C. § 1505(a);" 2) and the district court lacked jurisdiction over his case because he did not commit a crime against the government and because his conduct did not impact interstate commerce. Upon review, the district court concluded that Bryson's claims lacked merit. The court also noted that Bryson actually sought to challenge the imposition of his sentence, and concluded that because he had previously filed a § 2255 motion he was required to seek permission from this court to file a second or successive § 2255 motion. Hence, the district court denied Bryson's petition.

Bryson has filed a timely appeal. Bryson has abandoned his first ground for relief, but he reasserts his second ground for relief. He also appears to argue that his indictment was insufficient. Finally, he has filed a motion to proceed in forma pauperis on appeal.

Initially, we note that Bryson does not reassert his argument that the federal drug laws were not properly promulgated. As he has not argued this issue on appeal, it is considered abandoned and not reviewable. *See Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

We also note that Bryson appears to argue for the first time that his indictment was invalid. Unless exceptional circumstances are present, this court normally will not address an issue not raised for the first time in the district court. *See Noble v. Chrysler Motors Corp., Jeep Div.,* 32 F.3d 997, 1002 (6th Cir.1994). No exceptional circumstances are present, and we will not address Bryson's claim in the first instance.

Upon review, we conclude that the district court properly dismissed Bryson's motion. The issues Bryson raised present questions of law, and this court reviews questions of law de novo. *See United States Dep't of Labor v. Cole Enters., Inc.,* 62 F.3d 775, 778 (6th Cir.1995). The judicial review provisions of the Administrative Procedure Act, 5 U.S.C. §§ 701–706, provide for judicial review for any person "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. The record simply does not reflect that Bryson was adversely affected or aggrieved by agency action within the meaning of a relevant statute.

Here, contrary to Bryson's argument, the district court properly exercised jurisdiction over his offenses. Although Bryson maintained that his offenses did not occur within the territorial jurisdiction of the United States, it is clear that 18 U.S.C. § 3231 gives the federal courts original and exclusive jurisdiction over federal crimes. *See United States v. Allen,* 954 F.2d 1160, 1165–66 (6th Cir.1992). The district court undisputedly had subject matter jurisdiction over his indictment for violations of 21 U.S.C. § 841 and 18 U.S.C. § 924(c). Federal courts have exclusive jurisdiction over offenses against the laws of the United States under 18 U.S.C. § 3231; the permission of the states is not a prerequisite to exercise that jurisdiction. *See United States v. Sitton,* 968 F.2d 947, 953 (9th Cir.1992). Hence, Bryson was properly prosecuted in the United States

District Court for the Northern District of Ohio.

Accordingly, we grant Bryson pauper status for the limited purpose of this review and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.