HULL, Circuit Judge, concurring in part and dissenting in part:
*1329 I concur in full in the majority opinion, except for Section III (B) and (C). I agree with the majority opinion that the plaintiff deputies are not entitled to compensation under the FLSA or the FMWA for the time that they spend donning and doffing their police gear at home. However, based on the record in this case, I disagree about the time the deputies spend driving to and from work in their marked patrol vehicles because they are required to perform their law enforcement duties and work during that drive time.
Generally, the time spent by an employee commuting to and from work is not compensable. But there are exceptions to this rule, such as when the employee must perform work during his commute. See 29 C.F.R. § 785.41.
Here, the record in the light most favorable to the plaintiffs reveals that the defendant sheriffs require that their deputies during their commutes not only keep their radios on and respond to emergencies if called, but also require that the deputies monitor the roads for all traffic violations and emergencies and actively use their radar detectors to determine whether other drivers are speeding. Hence, the deputies are actively working and doing much more than passively listening to their radios for emergency calls and, therefore, fall beyond the scope of the regulation relied on by the majority opinion, 29 C.F.R. § 553.221(f).
Other courts assessing the compensability of commute times have made the sensible distinction between active and passive duties performed by an employee during his commute. See e.g., Reich v. N.Y.C. Transit Auth., 45 F.3d 646, 648-49 (2d Cir. 1995) (explaining that "the only compensable portion of the commute is the time spent by the [plaintiff dog handlers] actively caring for their dogs" and noting that the FLSA excludes from compensation time spent on "relatively effortless" activities). I would make this same distinction here and hold that the deputies' commute times are compensable because they are required to actively perform their law enforcement work during that drive time.
The majority opinion concludes that the activities performed by the deputies during their commutes are incidental to the use of their marked patrol vehicles, reasoning that it would be "highly inappropriate" for the deputies to not observe the roads for traffic violations and emergencies during their commutes. See supra pp. 1326-27. I disagree with this analysis when applied to the facts of these cases. Indeed, the activities performed by the deputies during their commutes are some of the very traffic-related duties that the deputies were hired to perform, such as actively using their radar detectors and monitoring the roads for traffic violations. They are therefore principal law enforcement activities.
Given the record at this summary-judgment juncture, I respectfully dissent to Section III (B) and (C).[1]

The defendant sheriffs also argue that, even if the time that the deputies spent donning and doffing their gear and commuting to and from their shifts is compensable, the sheriffs would not be in violation of the FLSA's or the FMWA's minimum wage provisions because, on average, the deputies were paid an hourly rate that exceeded the statutes' minimum wage requirements. The defendant sheriffs point out that even if the deputies spend an hour commuting each way, they are paid $31 an hour, and when all their hours are averaged, their pay is above the minimum wage. As the parties agree, five Circuits have adopted this "averaging method." U.S. Dep't of Labor v. Cole Enter., Inc., 62 F.3d 775, 780 (6th Cir. 1995) ; Hensley v.MacMillan Bloedel Containers, Inc., 786 F.2d 353, 357 (8th Cir. 1986) ; Dove v. Coupe, 759 F.2d 167, 171-72 (D.C. Cir. 1985) ; Blankenship v. Thurston Motor Lines, Inc., 415 F.2d 1193, 1198 (4th Cir. 1969) ; United States v. Klinghoffer Bros. Realty Corp., 285 F.2d 487, 490 (2d Cir. 1960). But the plaintiff deputies argue that (1) the text of the FLSA's and the FMWA's minimum wage provisions require that employers pay their employees a certain rate for each hour work, not an average rate over all hours worked, and (2) if the defendant sheriffs do not pay the plaintiffs for the hours the deputies spend actively working during their commute, then the sheriffs are paying the deputies $0 per hour for those activities, and therefore in violation of the FLSA and the FMWA. This Circuit has neither adopted nor rejected the averaging method. Because the majority opinion does not reach this issue, I do not either.