IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 20, 2018 Session

## MIKE SNODGRASS v. AHA MECHANICAL CONT. LLC

**Appeal from the Circuit Court for Shelby County**
**No. CT-005346-14  Robert Samual Weiss, Judge**

_____

**No. W2017-01401-COA-R3-CV**
_____

The trial court denied Appellant, employee, relief under the Fair Labor Standards Act, and employee appeals.  Because the trial court's judgment does not clearly show that it applied the correct legal standard in deciding the case, we vacate and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Steven Wilson and Matt Gulotta, Memphis, Tennessee, for the appellant, Mike Snodgrass.

John A. Irvine, Jr., Memphis, Tennessee, for the appellee, AHA Mechanical Contractors LLC.[1]

## OPINION

Donna and Mike Burlon are the owners of AHA Mechanical Contractors, LLC ("AHA," or "Appellee").  AHA is in the business of constructing and servicing HVAC systems.  On February 20, 2012, AHA hired Mike Snodgrass ("Appellant"), with whom the Burlons had been friends for approximately ten years.  Mr. Snodgrass was initially hired as a salesman for AHA under a verbal agreement with the Burlons.  Specifically, the parties agreed that Mr. Snodgrass would be paid for forty hours of work per week plus two percent commission on any new sales Mr. Snodgrass made.  Mr. Snodgrass was

_____

[1]  By order of May 9, 2018, this Court denied Appellee's motion to accept a late-filed brief.

initially paid an hourly rate of $7.50. By the time his employment was terminated, Mr. Snodgrass' hourly rate had increased to $17.00 per hour.

In addition to Mr. Snodgrass, AHA employed three technicians and two office staff. These employees were required to clock in and out each day. Mr. Snodgrass did not punch his time on the clock. There is dispute between the parties as to whether AHA did not require Mr. Snodgrass to log his time or whether he simply refused to do so. Regardless, AHA had no record of his working time from approximately February of 2012 until June of 2012.

In June of 2012, AHA provided Mr. Snodgrass with a company vehicle, which was equipped with a GPS tracking system. Mr. Snodgrass was aware of the GPS, but testified that he did not realize AHA was using the device to track his working hours. Mr. Snodgrass was fired from AHA after the GPS monitor on his company vehicle indicated that he would frequently travel to dead end streets and vacant lots where AHA had no business dealings. Despite growing concern over his idle time, AHA continued to pay Mr. Snodgrass for forty hours of work per week. On or about May 6, 2013, AHA terminated Mr. Snodgrass' employment.

On September 16, 2013, Mr. Snodgrass filed a complaint for breach of contract and promissory estoppel against AHA in the General Sessions Court for Shelby County. In his complaint, Mr. Snodgrass claimed that AHA failed to pay him certain commissions. Mr. Snodgrass amended his complaint on January 16, 2014, to add a claim that AHA violated his right to overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). In response, AHA filed a counter-complaint against Mr. Snodgrass, alleging overpayment of wages. On November 13, 2014, AHA agreed for Mr. Snodgrass to obtain a judgment in the general sessions court for the full jurisdictional amount, and AHA's counter-complaint was dismissed with prejudice. AHA appealed to the Circuit Court for Shelby County (the "trial court").

The trial court heard the case on March 9, 2017. On June 12, 2017, the trial court entered its judgment, finding that Mr. Snodgrass was not entitled to relief. Specifically, the trial court's judgment provides, in pertinent part, that:

> 1. [Mr. Snodgrass] failed to meet his burden of proof to establish he was entitled to overtime for his work in excess of 40 hours per week, in that he failed to ever request overtime pay during the time he worked for the company and the fact that the company paid him 40 hours per week regardless, including days that he did not work.
> 2. [Mr. Snodgrass] failed to meet his burden on the wage and hour claim, as there was proof from the GPS records indicating that he was not working. . . .

Mr. Snodgrass appeals. He raises three issues for review as stated in his brief:

1. The trial court erred in denying judgment for [Appellant] based on its finding that [Appellant] could not prove he actually worked during "idling time" as shown by AHA's recordkeeping of his working hours.

2. The trial court erred in holding that [Appellant] waived his right to claim overtime pay under the FLSA against AHA because he did not complain about not being paid overtime at the time of his employment.

3. Whether the trial court erred in holding any earned overtime was cancelled out by alleged overpayments made to [Appellant] by AHA.

Because this case was tried by the court sitting without a jury, we review the trial court's findings of fact de novo with a presumption of correctness, unless the evidence preponderates against those findings. *McGarity v. Jerrolds*, 429 S.W.3d 562, 566 (Tenn. Ct. App. 2013); *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). This Court conducts a de novo review of the trial court's resolutions of question of law, with no presumption of correctness. *Kelly v. Kelly*, 445 S.W.3d 685, 691-92 (Tenn. 2014); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013).

The issues raised in this appeal trigger application of the Fair Labor Standards Act ("FLSA"). The FLSA sets the minimum wage and overtime standards for most employers in the United States. Generally, an employee must be compensated at or above the statutory rate for the first forty hours per week of work, and at one and one-half times the employee's regular wage for overtime. There are exemptions to these requirements, and an employer seeking an exemption bears the burden of proving that it is applicable. *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 70 (6th Cir. 1997). Exemptions are construed narrowly against an employer seeking to assert an exemption. *Auer v. Robbins*, 519 U.S. 452, 462, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997) (citing *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960)).

A plaintiff generally has the burden of proving that his or her employer violated the FLSA. However,

> where the employer's records are inaccurate or inadequate . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

***Anderson v. Mt. Clemens Pottery Co***., 328 U.S. 680, 687-88, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946) (quoted and reaffirmed in ***United States Dep't of Labor v. Cole Enters., Inc.***, 62 F.3d 775, 779 (6th Cir.1995)), superseded by statute on other grounds as stated in ***Carter v. Panama Canal Co.***, 463 F.2d 1289, 1293 (D.C.Cir.1972). In ***Mt. Clemens***, the district court awarded employees overtime compensation under the FLSA. 328 U.S. at 685-86. On appeal, the Sixth Circuit reversed the district court, finding that it was the employees' burden "to prove by a preponderance of the evidence that they did not receive the wages to which they were entitled ... and to show by evidence rather than conjecture the extent of overtime worked, it being insufficient for them merely to offer an estimated average of overtime worked." ***Id.*** at 686.

On grant of certiorari, the Supreme Court held that the Sixth Circuit imposed an improper standard of proof that had "the practical effect of impairing many of the benefits" of the FLSA. ***Id.*** The Supreme Court stated the correct liability and damages standard, to-wit: an employee bringing suit has the "burden of proving that he performed work for which he was not properly compensated. The remedial nature of this statute and the great public policy which it embodies . . . militate against making that burden an impossible hurdle for the employee." ***Id***. at 686-87. The Supreme Court further explained that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." ***Id.*** at 687. The employee's burden of proof on damages can be relaxed, the Supreme Court explained, because employees rarely keep work records, which is the employer's duty under the Act. ***Id***. Once the employee satisfies his or her relaxed burden to establish the extent of uncompensated work, "[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." ***Id***. at 687-88.

The Sixth Circuit quoted and applied the ***Mt. Clemens*** standard in ***Herman v. Palo Group Foster Home, Inc.***, concluding that the employees had met their burden on liability because "credible evidence" had been presented that they had performed work for which they were improperly compensated. 183 F.3d 468, 473 (6th Cir.1999). Recognizing the ***Mt. Clemens*** burden shifting paradigm, the Sixth Circuit further held that "Defendants did not keep the records required by the FLSA, so the district court properly shifted the burden to Defendants to show that they did not violate the Act." ***Id***. The end result of this standard is that if an "employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." ***Id***. at 472 (quoting ***Mt. Clemens***, 328 U.S. at 688).

From our review of the trial court's judgment, *supra*, we cannot determine whether the trial court applied the correct standard or burden of proof in this case. The

trial court states that Mr. Snodgrass "failed to meet his burden of proof to establish he was entitled to overtime . . ." insofar as Mr. Snodgrass "failed to . . . request overtime pay during" the term of his employment with AHA. The fact that Mr. Snodgrass did not request overtime pay does not, *ipso facto*, mean that he is not entitled to it. The trial court cites no authority for its position that an employee's failure to request overtime pay is fatal to his or her claim for it. Other than Mr. Snodgrass' failure to request overtime pay, the trial court cites no evidence to support its conclusion that Mr. Snodgrass failed to meet his initial burden. Furthermore, it is undisputed that AHA did not keep adequate records of Mr. Snodgrass' time. Even if we concede that Mr. Snodgrass was recalcitrant in his refusal to clock in and out, the FLSA places the burden of proper time keeping squarely on the employer. While acknowledging that, "for the first three months of [Mr. Snodgrass'] employment, no records were kept [by AHA]," the trial court's order fails to negate, or even reference, the burden shifting paradigm set out in **Mt. Clemens**.

A trial court speaks through its orders. **Palmer v. Palmer**, 562 S.W.2d 833, 837 (Tenn.Ct.App.1977). Here, and for the foregoing reasons, the trial court's judgment does not clearly indicate that it applied the correct legal standard in this case. In this regard, the judgment fails to comply with Tennessee Rule of Civil Procedure 52.01 ("In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment."). Because we cannot determine whether the trial court applied the proper standard and burden of proof in this case, we vacate the judgment and remand for such further proceedings as may be necessary. We take no position as to the ultimate outcome of the case. Our holding, does not preclude the trial court from allowing the parties to present additional proof on remand. However, the trial court must evaluate the evidence under the applicable standard, applying the correct burden(s) of proof, and the trial court's order must reflect that it has done so.

For the foregoing reasons, we vacate the judgment of the trial court and remand the case for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed one-half to the Appellant, Mike Snodgrass and his surety, and one-half to the Appellee, AHA Mechanical Contractors, LLC, for all of which execution for costs may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE