NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0519n.06

No. 17-2502

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JULISSA DIAZ; KATIA CRUZ; | ) | |
| | ) | **FILED** |
| Plaintiffs-Appellants, | ) | Oct 18, 2018 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | |
| ANDREW STERLING LONGCORE; LONGCORE LEGAL GROUP, PC; | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| Defendants-Appellees, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| and | ) | DISTRICT OF MICHIGAN |
| | ) | |
| LATINOS TAKE OUT, LLC; ROSIBEL VIALET; EDUARDO MADERA, identified on initiating document as Eduardo Mata; | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

BEFORE:     BATCHELDER, KETHLEDGE, and WHITE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**  The question in this case is whether an employer's outside counsel in a Fair Labor Standards Act ("FLSA") wage-and-hour action is an "employer" under the FLSA who may be sued for allegedly violating the FLSA's anti-retaliation provision by merely filing a counterclaim against the plaintiff-employees in the underlying wage-and-hour action.  The district court said "no" and dismissed the employer's outside counsel from this anti-retaliation lawsuit.  We agree and **AFFIRM**.

**I.**

In May 2017, Julissa Diaz and Katia Cruz brought this FLSA anti-retaliation lawsuit against their employer, Latinos Take Out, LLC, and the individual owners of Latinos Take Out, Eduardo Madera (originally identified as Eduardo Mata) and Rosibel Vialet (collectively "Latinos Take Out"). Diaz and Cruz also named as defendants Latinos Take Out's lawyer, Andrew Longcore, and his law firm, Longcore Legal Group, PC (collectively "Longcore").

Two months earlier, Diaz and Cruz had sued Latinos Take Out in a separate action, alleging FLSA wage-and-hour violations. Longcore represented Latinos Take Out in that action. Soon after filing that earlier suit, Diaz and Cruz gave an interview to the local Spanish-language newspaper about Latinos Take Out's alleged failure to pay them properly. Latinos Take Out then filed counterclaims in the FLSA action against Diaz and Cruz, their counsel, and the newspaper, alleging tortious interference with a business interest, injurious falsehood, defamation, and civil conspiracy. The district court declined to exercise supplemental jurisdiction over the counterclaims and dismissed them.

Diaz and Cruz then brought this lawsuit, alleging that Latinos Take Out and Longcore violated the FLSA's anti-retaliation provision by filing the counterclaims against Diaz and Cruz. Longcore filed a motion to dismiss, arguing among other things that he was not an "employer" under the FLSA. The district court granted Longcore's motion to dismiss and then consolidated the anti-retaliation claims against Latinos Take Out with the underlying wage-and-hour action. That action was confidentially settled in March 2018. Diaz now appeals the district court's order dismissing Longcore from the anti-retaliation lawsuit.

**II.**

We review de novo a district court's dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *First Am. Title Co. v. Devaugh*, 480 F.3d 438, 443 (6th Cir. 2007). We also review de novo issues of statutory interpretation. *See, e.g.*, *Tyrell v. Norfolk S. Ry. Co.*, 248 F.3d 517, 520 (6th Cir. 2001).

"The [FLSA] sets forth employment rules concerning minimum wages, maximum hours, and overtime pay." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 4 (2011). It also includes an anti-retaliation provision making it unlawful for "any person" to discharge or discriminate against employees for attempting to enforce the FLSA's substantive guarantees. *See id*; 29 U.S.C. § 215(a)(3). And it gives "employees"[1] a private right of action allowing them to sue "employer[s]" for violating the anti-retaliation provision. *See* 29 U.S.C. § 216(b).

The parties here dispute the reach of the term "employer." Ordinarily, an "employer" is a person or organization that employs people. *See Employer*, *Black's Law Dictionary* (10th ed. 2014) ("A person, company, or organization for whom someone works; esp., one who controls and directs a worker under an express or implied contract of hire and who pays the worker's salary or wages."); *Employer*, *Webster's Third New International Dictionary* (1981) ("One that employs something or somebody: as . . . the owner of an enterprise (as a business or manufacturing firm) that employs personnel for wages or salaries . . . [or] such an enterprise itself."). Longcore was indisputably not Diaz and Cruz's employer in the ordinary sense of the word. Diaz and Cruz did not work for Longcore, and Longcore did not control or direct Diaz and Cruz or pay their wages.

---

[1] In the underlying wage-and-hour action, there was some dispute about whether Diaz and Cruz were employees or independent contractors. But Longcore has not questioned whether Diaz and Cruz are "employees" as defined in 29 U.S.C. § 203(e) and used in 29 U.S.C. § 216(b), so we assume for purposes of this appeal that they are.

Diaz and Cruz can therefore sue Longcore only if the FLSA defines "employer" broadly enough to encompass an employer's outside counsel under these circumstances.

The FLSA expands, but does not purport entirely to displace, this ordinary meaning of "employer." In contrast to the way the FLSA comprehensively defines most of its statutory terms, such as "person," "commerce," and "state," *see, e.g.*, 29 U.S.C. § 203(c) ("'State' *means* . . . " (emphasis added)), the FLSA merely adds another category of "person[s]" to those ordinarily considered employers, *see* 29 U.S.C. § 203(d) ("'Employer' *includes* . . . " (emphasis added)). As used in the FLSA, "'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." *Id.* And "'[p]erson' means an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a).

Diaz and Cruz ask us to interpret these provisions "to provide broad rather than narrow protection to employees." But the Supreme Court recently "reject[ed] this principle as a useful guidepost for interpreting the FLSA" because it is a "flawed premise that the FLSA pursues its remedial purpose at all costs." *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018) (internal quotation marks and citations omitted). We must instead give the FLSA a "fair" interpretation. *Id.* (quoting A. Scalia & B. Garner, *Reading Law* 363 (2012)); *accord Mosquera v. MTI Retreading Co.*, __ F. App'x __, slip op., at 4 & n.1 (6th Cir. Aug. 14, 2018).

Diaz and Cruz nevertheless argue that the "plain language" of section 203(d) fairly encompasses Longcore because he was Latinos Take Out's legal representative and acted in Latinos Take Out's interest in relation to Diaz and Cruz. This argument has some appeal. It is true, as the district court recognized, that "[t]he statute has a broad definition of 'employer.'" *Accord Solis v. Laurelbrook Sanitarium & Sch., Inc.*, 642 F.3d 518, 522 (6th Cir. 2011) (the

FLSA's definitions, including section 203(d), "are exceedingly broad and generally unhelpful"). And that definition, considered in isolation, may be read broadly enough to encompass Longcore. But cases from the Supreme Court and this court, combined with the FLSA's structure, lead us to conclude that the correct reading is not so broad. *Cf. Kasten*, 563 U.S. at 7 ("[T]he language of the provision, considered in isolation, may be open to competing interpretations. But considering the provision in conjunction with the purpose and context leads us to conclude that only one interpretation is permissible.").

The Supreme Court has once interpreted the language of section 203(d), and that case indicates that "any person acting directly or indirectly *in the interest of an employer in relation to an employee*" encompasses only persons acting on behalf of the actual employer (in the ordinary sense of the word) *with respect to the employment relationship*, such as by hiring, supervising, paying, and managing employees on behalf of the actual employer. *See Falk v. Brennan*, 414 U.S. 190, 192–93 & n.4, 195 (1973) (company that was responsible for hiring and supervising another company's employees and had "substantial control of the terms and conditions of the work of th[o]se employees" was an "employer" under the FLSA).

This interpretation is consistent with the "economic reality" test that this court has used in previous FLSA cases to determine whether an individual is an "employer." This test extends FLSA "employer" liability to individuals who are chief corporate officers of the business, have a significant ownership interest in the business, control significant aspects of the business's day-to-day functions, and determine employee salaries and make hiring decisions. *See U.S. Dep't of Labor v. Cole Enters., Inc.*, 62 F.3d 775, 778 (6th Cir. 1995); *Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965–66 (6th Cir. 1991).

This interpretation also makes sense in light of the FLSA's statutory context, particularly the statutory remedies for anti-retaliation violations. The FLSA entitles employees to seek legal and equitable relief for retaliation claims, including "employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). It makes sense to apply these enumerated remedies to a person acting on behalf of the actual employer in the hiring, firing, and paying of employees; it makes much less sense to attempt to apply them to a person who has no control over the employment relationship between the actual employer and the employees.

We therefore hold that FLSA "employer" liability for retaliation claims does not extend to Longcore because he was not a person acting on behalf of the actual employer, Latinos Take Out, *with respect to the employment relationship*, such as by hiring, supervising, paying, and managing employees on behalf of Latinos Take Out. Longcore did not hire, supervise, pay, or manage Diaz and Cruz, and Diaz and Cruz have not argued otherwise. Rather, they have argued only that Longcore acted on behalf of Latinos Take Out *with respect to a legal matter*. True, that legal matter was a lawsuit over an employment dispute. But filing a counterclaim in an employment action on behalf of an employer is wholly different from hiring, supervising, paying, and managing employees. Longcore's filing of the counterclaim did not make him an "employer" under the FLSA.

In so holding, we reject Diaz and Cruz's argument that "employer" should be interpreted more broadly in the anti-retaliation context than in the wage-and-hour context. Diaz and Cruz cite a case in which the Ninth Circuit accepted that argument and extended FLSA anti-retaliation liability to an employer's outside counsel for egregious actions taken by that counsel during a wage-and-hour action. *See Arias v. Raimondo*, 860 F.3d 1185, 1187–88, 1192 (9th Cir. 2017).

But "bad facts make bad law," *see, e.g.*, *Tharpe v. Sellers*, 138 S. Ct. 545, 547 (2018) (Thomas, J., dissenting), and there is no textual indication that Congress created broader liability in private anti-retaliation lawsuits than it did in private wage-and-hour lawsuits. Congress used the same word— "[a]ny employer"—in the same statutory section to create liability for violations of both the FLSA's wage-and-hour and anti-retaliation provisions. *See* 29 U.S.C. § 216(b). And the ordinary rule is that "Congress means the same words in the same statute to mean the same thing." *Texas Dep't of Housing & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 135 S. Ct. 2507, 2535 (2015). Congress clearly knows how to create broader liability when it wishes to—it created *criminal* liability for "[a]ny person who willfully violates" the anti-retaliation provision. *See* 29 U.S.C. § 216(a). So Congress could similarly have created a private right of action against "any person" for violations of the anti-retaliation provision, but it did not. Congress instead created a private right of action only against "[a]ny employer," just as it did for violations of the wage-and-hour provisions. *See* 29 U.S.C. § 216(b). We therefore decline Diaz and Cruz's invitation to interpret the same word in the same statute to mean different things.

## III.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.