James OLSON, Plaintiff-Appellant,

v.

SUPERIOR PONTIAC–GMC, INC.,
Defendant-Appellee.

No. 84–3023.

United States Court of Appeals,
Eleventh Circuit.

Nov. 14, 1985.

Robert F. McKee, Tampa, Fla., for plaintiff-appellant.

Chris W. Altenbernd, John W. Robinson, IV, Tampa, Fla., for defendant-appellee.

Before HATCHETT and CLARK, Circuit Judges, and STAFFORD *, District Judge.

PER CURIAM:

The petition for rehearing is GRANTED and the opinion of the court heretofore filed on July 23, 1985, 765 F.2d 1570, is modified as follows:

The Defendant-Appellee, Petitioner herein, alleges that the court erred in certain holdings in the panel opinion, considered issues not raised below or on appeal, and did not observe the clearly erroneous standard of review.

## I.

■ Petitioner, hereinafter called employer, charges we improperly shifted the burden of proof from the employee to the employer on the issue of the pay period, and that this deprived the employer of due process in that there was evidence available that would have been offered at the trial by the employer had it known that it had the burden of proof. Since the panel

opinion remanded the case to the district court, the employer should and will have every opportunity to offer any evidence at a remand hearing with respect to the duration of its pay period.

To clarify our ruling with respect to burden of proof, we did not intend and do not hold that the employer has any burden of proof in variance from the opinion of the Supreme Court in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946). See p. 1578 of our panel opinion, which quotes from *Anderson*. The regulations require that an employer keep such records that anyone—the employer, the employee, or the Department of Labor—upon inspection can compare an established pay period with a corresponding work period that permits ready calculation of the wages per hour. The employee has the burden of proving that he was not paid minimum wages. The employer has the burden, *at trial*, of coming forward with records that will demonstrate to the trier of fact the accounting methods employed to prove the precise amount of work performed and wages paid during a period that permits calculation of the hourly wage per hour. The employer here failed to offer at trial records that permitted such a collation. If it can do so at a remand hearing, then it may prevail.

## II.

■ The employer asserts that the panel considered an issue not raised below or on appeal when we concluded that the employer's monthly pay period did not meet the recordkeeping requirements of the statute. The employer suggests that the district court did not consider the recordkeeping requirements of the statute. While the district court did not refer to the requirements of the Act and the regulations, our review of the record led us to the conclusion that the employer's records did not conform to the requirements of 29 C.F.R. § 516.2(a)(6), (7), (8), (10), (11) and (12). A

* Honorable William H. Stafford, U.S. District Judge for the Northern District of Florida, sitting by designation.

second review confirms our conclusion. In determining an issue in a case, we are not pretermitted by the district court or counsel from considering the record, the statute, case law, and regulations.

### III.

We did not make an express finding in the panel opinion that the district court was clearly erroneous in finding a monthly pay period because we did not conclude that the court did so err. The records demonstrate that the employer paid its employees by the week and by the month. The time records showed time only by the week. There were no time records submitted by the month. An employer can have two pay periods, but he must choose one which is the pay period intended to comply with § 516.2, *supra*, which must include a period during which the hours worked each workday, each workweek, or for the monthly period correspond with a pay period of the same duration. While the employer had a monthly pay period, it does not meet the regulatory requirements.

### IV.

The employer suggests in its petition for rehearing that our requirement in Section II of the opinion that an employer may defer compensation already earned to a later pay period to insure that the employee received payment of the minimum wage each pay period does not create a good incentive and allows employers to earn interest income on the employee's money. The Administrator of the Wage and Hour Act has suggested that employees may direct employers to pay a portion of his wages to an account in a bank to avoid such profit making by an employer. *See* WH AdmOp on "Deferred Compensation," 6A Lab.Rel.Rep. (BNA) 95:26 (Jan. 27, 1969). The employer has yet to furnish to the court any law or regulation which would permit an employer to pay an employee less than the minimum wage during a pay period.

### V.

Accordingly, we modify our previous opinion, VACATE the judgment of the district court, and REMAND for further proceedings in accordance with the original opinion as modified by this supplemental opinion.

No member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 26), the suggestion for rehearing en banc is DENIED.