**AMCOR, INCORPORATED, a Florida Corporation, Plaintiff-Appellant,**

v.

**William E. BROCK, Secretary of Labor, Defendant-Appellee.**

No. 85–3389.

United States Court of Appeals, Eleventh Circuit.

Jan. 21, 1986.

Al Millar, Jacksonville, Fla., for plaintiff-appellant.

Linda Jan S. Pack, Gerald Krizan, U.S. Dept. of Labor, Washington, D.C., for defendant-appellee.

Before HILL and HENDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

This is an appeal from the grant of summary judgment in favor of the Secretary in a suit to set aside certain administrative actions of the Department of Labor under the Service Contract Act of 1965 and regulations promulgated thereunder.

## I. STATEMENT OF THE CASE

Plaintiff, Amcor, Inc., entered into a contract with the U.S. Army Corps of Engineers to perform park maintenance and cleaning services at a federal park in Ft. Gaines, Georgia, from October, 1975 to September, 1976. The park surrounds Lake Walter F. George, a lake formed by the damming of the Chattahoochee River, and consists of picnic areas on both the Alabama and Georgia sides of the lake. These several picnic areas are separated and each one appears to be a separate park. On February 22, 1978, the defendant Secretary brought an administrative complaint against the plaintiff, charging minimum wage and benefits violations pursuant to the Service Contract Act of 1965 as amended, 41 U.S.C. §§ 351 et seq.

For two days in 1978 an administrative law judge conducted a full evidentiary hearing on the matter. He then issued his decision and recommendation which found that the plaintiffs did not keep the work records required by the Act and its implementing regulations, and that there was more overtime work than recorded or paid for. The ALJ held that six employees had been underpaid a total of $272.40 in violation of the Act and that there had been other overtime work which it was impossible for him to compute. The ALJ recommended as a part of his report that the Secretary of Labor relieve the plaintiffs from the ineligibility list provision of Section 5(a) of the Act, 41 U.S.C. § 354(a). This section requires that the Comptroller General of the United States distribute a list to all agencies of the government giving the names of persons or firms that the federal agencies or the Secretary have found to have violated the terms of the Service Contract Act and that:

Unless the Secretary otherwise recommends because of unusual circumstances, no contract of the United States shall be awarded to the persons or firms appearing on the list or to any firm, corporation, partnership or association in which such persons or firms have a sub-

stantial interest until three years have elapsed from the date of publication of the list containing the name of such persons or firms.

The ALJ's decision was dated December 1, 1978. The time for filing exceptions was extended to February 15. The appellee mailed his exceptions February 15, but they were not received by the administrative law judge until February 22. Amcor thereupon contended before the administrator that the exceptions were not timely filed and that the administrator erred in considering them in spite of the requirement contained in regulations. "The hearing examiner shall make his decision which shall become the final decision in the administrative process 20 days after service thereof unless exceptions are filed thereto as provided in Section 6.12." 29 C.F.R. § 6.10(b).

Without discussing this issue of timely filing, the Labor Department Wage and Hour administrator rejected the ALJ's findings, concluding that they were clearly erroneous, thus applying the proper standard for a reversal in such a situation. The administrator ordered Amcor to pay $5,296 in back wages together with interest and recommended that the Secretary of Labor rule Amcor ineligible for federal contracts for three years. Amcor filed exceptions to the administrator's findings and recommendation of debarment with the Secretary, but requested the Secretary to take no action as to the debarment until this lawsuit is resolved. The Secretary concurred in this request. Thereafter, Amcor filed this suit challenging the timeliness of filing the government's exceptions, the higher back wage award and the recommendation of debarment. The district court overruled the appellants challenge to timeliness and upheld the administrator's grant of higher back wages and ruled that the debarment issue was unripe for judicial review because of the lack of final administrative action by the Secretary of Labor. Amcor timely appealed.

## II. ISSUES

1. Whether the administrator was foreclosed from reviewing the ALJ's findings because of the solicitor's failure to file timely exceptions.

2. Whether a preponderance of the evidence supported the administrator's ruling that the ALJ's findings were clearly erroneous.

3. Whether the debarment issue was unripe for adjudication because of the lack of final administrative action.

The threshold issue is whether the administrator was foreclosed from reviewing the ALJ's findings because the solicitor had failed to file timely objections. The regulations required the solicitor to file exceptions by February 15, 1979.

 We conclude that we need not decide the meaning of the word "filed" in the regulations since the administrator was entitled to waive the filing deadline in the interest of justice. An administrative agency may waive *procedural* requirements in the interest of justice, provided such a waiver will not prejudice the other party. *American Farm Lines v. Black Ball Freight Service*, 397 U.S. 532, 539, 90 S.Ct. 1288, 1292, 25 L.Ed.2d 547, 553 (1970); *NLRB v. Albritton Engineering Corp.*, 340 F.2d 281, 286 (5th Cir.1965). The trial court made no error in overruling this objection.

 The standard of review of an ALJ's findings of facts is the clearly erroneous standard. The standard of review of facts found by the administrator is that they are binding in a court proceeding unless they are not established by a preponderance of the evidence. 29 C.F.R. § 4.189. Although Amcor complains of the lack of a finding of clearly erroneous by the administrator because that functionary merely adopted the brief of the solicitor of the Department of Labor as his own findings, this, of course, is no valid objection to such findings. The administrator stated:

> In my opinion, the views expressed by the government in its exceptions, as quoted above, are all valid and the re-

spondent's exceptions are without merit. I find that the government has sustained its burden of proving that the respondents failed to pay service employees engaged in the performance of the contract in issue minimum monetary wages due them under the contract and the Service Contract Act in the amount specified in Exhibit A attached to the government's proposed decision and recommendation. (Footnotes omitted.) At several places in the statement thus adopted by the trial court, the solicitor had stated that contrary findings of the ALJ were "clearly erroneous." At one place he stated they were "erroneous." Moreover, the administrator recited numerous facts which demonstrated his basis for accepting the "clearly erroneous" formula. We have studied the record with the testimony given by the many witnesses, and conclude that there was ample evidence to demonstrate that the ALJ's decision limiting the award to $272.00 was without record support. This was especially true in light of the fact found by the ALJ that Amcor did not keep the records of the employees' wages and hours as required by the regulations. In default of such record keeping, the Supreme Court decision in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–688, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946) is instructive:

> When the employer has kept proper and accurate records, the employee may easily discharge his burden by securing the production of those records. But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes, a more difficult problem arises. The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. See Note, 43 Col.L.Rev. 355.

> The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of § 11(c) of the Act. And even where the lack of accurate records grows out of a bona fide mistake as to whether certain activities or non-activities constitute work, the employer, having received the benefit of such work, cannot object to the payment for the work on the most accurate basis possible under the circumstances. Nor is such a result to be condemned by the rule that precludes the recovery of uncertain and speculative damages. That rule applies only to situations where the fact of damages is itself uncertain. But here we are assuming that the employee has proved that he has performed work and has not been paid in accordance with the statute. The damage is therefore certain. The uncertainty lies only in the amount of damages arising from the statutory violation by the employer. In such a case "it would be a perversion of fundamental principles of justice to deny all relief to the injured person, and thereby relieve the wrongdoer from making any amend for his acts." *Story Parchment Co. v. Paterson Co.*, 282 U.S. 555, 563 [51 S.Ct. 248, 250, 75 L.Ed. 544 (1931)]. It is enough

under these circumstances if there is a basis for a reasonable inference as to the extent of the damages. *Eastman Kodak Co. v. Southern R. Co.;* 311 U.S. 574, 579–580, 90 L.Ed. 652 (1946)]. (1941)]; *Bigelow v. RKO Radio Pictures,* 327 U.S. 251, 263–266 [66 S.Ct. 574, 579–80, 90 L.Ed. 652 (1946)]. 328 U.S. at 687, 66 S.Ct. at 1192.

We recognize that *Mt. Clemens* dealt with responsibilities under the Fair Labor Standards Act of 1938 as amended 29 U.S.C. § 201 *et seq.* However, we believe the principle established there should equally apply to a case such as this.

In any event, there was sufficient direct evidence before the ALJ to warrant the administrator's conclusion that the findings of the ALJ as to the dollar amount was clearly erroneous.

We then turn to the determination as a finding of fact of the administrator that the amount owed by Amcor under the regulation was $5,296.00 in back wages. The standard of review of this determination by the administrator in a subsequent review by a district court is that it must be affirmed unless it is not supported by a preponderance of the evidence. A review of the trial record makes clear that there was ample evidence upon which the administrator could determine, as he did, that shortages in hourly wages to the various employees could reasonably be determined to be the figure contended for by the government. This is especially true, under the *Mt. Clemens* ruling where no adequate records of time worked were kept.

The third issue concerns the reviewability of the debarment decision by the administrator. The Secretary submits that the debarment issue was not properly before the trial court because there has been no final agency action from which judicial review may be sought. The Secretary also argues that the issue was non-reviewable because the debarment decision is exclusively within the discretion of the Secretary of Labor. We conclude, to the contrary, that the Secretary's decision on debarment sanctions is reviewable. *Federal Food Services, Inc. v. Donovan,* 658 F.2d 830 (D.C.Cir.1981); *Midwest Maintenance & Construction Co. v. Vela,* 621 F.2d 1046 (10th Cir.1980). However, because 29 C.F.R. § 6.12(a) provides that the recommendation of the administrator with respect to disbarment is not a final agency action, the debarment issue was not ripe for review in the district court and will not be until the Secretary has acted on a request for relief from being placed on the list.

The judgment is AFFIRMED.