[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
04/30/99
THOMAS  K. KAHN
CLERK

_____

No. 98-5225
Non-Argument Calendar

_____

D. C. Docket No. 97-7029-CV-WJZ

JEAN JOSEPH ETIENNE, on behalf of himself,
and all others similarly situated,

Plaintiff-Appellant,

versus

INTER-COUNTY SECURITY CORPORATION,
a Florida Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 30, 1999)**

Before BIRCH and BARKETT, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

This is an appeal from the jury's verdict for the defendant in the plaintiff's action brought for failure to pay overtime wages under the Fair Labor Standards Act. Plaintiff/appellant Etienne raises three issues: (1) the district court erred in denying his motion for judgment as a matter of law; (2) the jury verdict was contrary to law and against the clear weight of the evidence; and (3) the district court erred in its jury instructions regarding the burdens of proof. We affirm.

BACKGROUND

Etienne worked as a security guard for defendant/appellee Inter-County Security Corp. (Inter-County) for one year. At trial, Etienne testified that on numerous occasions Inter-County did not pay him for the hours he worked, totaling about 80.5 hours, and that he had brought the shortages to the operation manager's attention. Inter-County presented the testimony of its operations manager. The operations manager submitted the company payroll records, and conceded that there were errors in the payroll that amounted to an underpayment of $18.62 to Etienne, but stated that Etienne had been paid for all other hours worked. The operations manager testified that Etienne had only approached him once about the amount of his paycheck, and that was about an amount withheld due to a previous overpayment.

At the close of Etienne's case, Inter-County moved for judgment as a matter of law pursuant to Fed.R.Civ.Proc. 50. The district court reserved ruling on the motion. At the close of all evidence, Inter-County renewed its motion for judgment as a matter of law, arguing that Etienne had established that at most he was owed $18.62, and had not established bad faith on Inter-County's part that would allow for double damages. Etienne did not make his own motion, but responded that the jury should be allowed to determine the credibility of the witnesses' testimony. At the end of his response to Inter-County's motion, Etienne's counsel stated that "I think this court should and must, as a result of the admissions this afternoon, enter judgment in favor of plaintiff finding an overtime violation existed." The district court denied the defendant's motion, and the jury returned a verdict for Inter-County. Etienne then moved for judgment notwithstanding the verdict, and the district court told counsel that the motion would have to be filed in writing within the time period prescribed by law. Etienne did not file a written motion, but brought this appeal.

2

DISCUSSION

(1) Motion for judgment as a matter of law

Etienne argues that the district court erred in denying his motion for judgment as a matter of law based on Inter-County's admission that they failed to pay Etienne $18.62 he was owed. Etienne admits that he did not label his motion as such, but points out that he asked the judge to enter judgment in his favor.

This Court reviews the district court's denial of motion for judgment as a matter of law de novo. Circa Ltd. v. City of Miami, 79 F.3d 1057, 1063 (11th Cir. 1996). Although this Court requires a motion for judgment as a matter of law to be made at the close of evidence, giving the specific grounds for the motion, this Court has taken a liberal view of what constitutes such a motion. Nat'l Industries, Inc. v. Sharon Steel Corp., 781 F.2d 1545, 1549 (11th Cir. 1986). The principle at stake is whether the opposing party and the trial judge are informed of the argument and given a chance to amend any deficiency. Id. Even in the absence of such motion, however, this Court will review the record to ascertain if any evidence supports the jury's verdict, irrespective of its sufficiency, or whether there was plain error that resulted in a manifest miscarriage of justice. Wilson v. Attaway, 757 F.2d 1227, 1237 (11th Cir. 1985).

We consider whether the evidence presents a sufficient conflict to require a jury's determination of the facts, reviewing all the evidence and inferences in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). If the facts and inferences overwhelmingly favor one party, such that reasonable people could only arrive at one verdict, then the motion should have been granted. Carter v. City of Miami, 870 F.2d 578, 581 (11th Cir. 1989).

3

Etienne did not expressly make a motion for judgment as a matter of law. In his response to Inter-County's motion, however, he requested that the court enter judgment for him based on the operations manager's admission. Therefore, the opposing party and the trial judge were informed of the argument, and given this Court's liberal view of what constitutes a motion for judgment as a matter of law, we will consider his statement at trial a motion. Even if it was not, plain error is evident in regard to the $18.62.

The operations manager, relying on company records, testified that Etienne was paid all the overtime compensation he earned, with the exception of $18.62, which was the payroll company's error. Etienne testified that he worked additional hours for which he was not compensated. The evidence was essentially a credibility determination, with the exception of the $18.62 defendants admitted to owing, and the credibility of the witnesses was the province of the jury. Therefore, the district court did not err in denying the motions for judgment as a matter of law, except with respect to the $18.62. This case should be remanded for the award of $18.62, but only as to that amount.

(2) Weight of the evidence

Etienne argues that he should receive a new trial because his testimony at trial was uncontradicted about the overtime compensation owed him for three pay periods, and that Inter-County conceded so for two of those three periods.

District courts review a party's argument about the weight of the evidence when it is raised by a party in a motion for a new trial. See, e.g., Technical Resource Services, Inc. v. Dornier Medical Systems, Inc., 134 F.3d 1458, 1468 (11th Cir. 1998)(argument that jury's verdict was against the weight of the evidence raised in motion for new trial). Issues raised for the first time in this Court are generally not considered because the district court did not have the opportunity to

4

consider them. See Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994); see also Velazquez v. Figueroa-Gomez, 966 F.2d 425, 427 (1st Cir.), cert. denied, 510 U.S. 993 (1993)(motion for new trial must be made first to the trial court, particularly where the issue is the weight of the evidence, and failure to move for a new trial waives the issue on appeal).

Following the jury's verdict, Etienne's counsel stated: "Your Honor, the plaintiff moves for judgment notwithstanding the verdict," without stating grounds. The district court told counsel that he had to file that in writing within the time prescribed by law. Etienne did not do so, and never made a motion for a new trial. The district court did not have the opportunity to consider his argument that the evidence was against the weight of the verdict and we will not consider it.

(3) Jury instructions

Etienne argues that the district court erred in failing to instruct the jury in accordance with the holding of Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed.2d 1515 (1946). There, the Supreme Court held that where the employer's records are inaccurate or inadequate and the employee proves he performed work for which he was not properly compensated, the burden shifts to the employer to prove its claim or disprove the employee's, and upon failing to do so, the court can award damages to the employee even if the result is only approximate. Id. at 687-88, 66 S.Ct. at 1192.

At trial, Inter-County's witness testified that he could not find the record of one week, and that one record did not match his master schedule because the master schedule omitted a shift that Etienne had worked.[*] The district court instructed the jury that the plaintiff "must prove each of the following facts by a preponderance of the evidence; first, that the plaintiff was employed by the

---

[*] Etienne is not contenting that he was underpaid during either of these weeks.

5

defendant during the time--during the time period involved;" [the second factor related to the size of the defendant's business and was stipulated to before trial]; "third, that the defendant failed to pay the plaintiff the overtime pay required by law." The court further instructed the jury that "[i]f, upon consideration of all the evidence, you find that the plaintiff has failed to prove one or more of the elements of his claim your verdict must be for the defendant. If, however, you find that the plaintiff has proved each of the elements of his claim by a preponderance of the evidence then your verdict is for the plaintiff and you must then determine the amount of damages which the plaintiff is entitled to recover."

In Anderson, the employer paid the employees starting on the quarter-hour before they clocked in, and ending on the quarter-hour before they clocked out. As a result, employees could be unpaid for as much as 56 minutes each day, depending on when they clocked in and out, and the Supreme Court held that:

> where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

328 U.S. at 683-84, 687-88, 66 S.Ct. at 1190-91, 1192.

Case law does not, however, support Etienne's claim that the absence of one week's record and the inaccurate recording of one shift in a year's time constitutes circumstances under which the

6

burden-shifting analysis is applied. Under Etienne's interpretation, the burden-shifting analysis would apply every time employers had any error at all in their records. Rather, this circuit has employed the burden-shifting analysis in situations where no records were kept at all or no overtime was recorded. See, e.g., Amcor, Inc. v. Brock, 780 F.2d 897, 900 (11th Cir. 1986)(no records kept); Olson v. Superior Pontiac-GMC, Inc., 776 F.2d 265, 267 (11th Cir. 1985) (employer's time records did not correspond with pay periods); Donovan v. New Floridian Hotel, Inc., 676 F.2d 468,470 (11th Cir. 1982)(employer unable to find "many records" and payroll department employee testified to regularly falsifying records); Skipper v. Superior Dairies, Inc., 512 F.2d 409, 411 (5th Cir. 1975)(no records kept); Brennan v. General Motors Acceptance Corp., 482 F.2d 825, 828 (5th Cir. 1973)(employees kept time records but were not permitted to report overtime worked except in rare situations); Mitchell v. Mitchell Truck Line, Inc., 286 F.2d 721, 724 (5th Cir. 1961)(no records kept). Etienne does not cite to any case where the facts are similar to his, and research does not reveal any other than those cited above.

Because Etienne cannot support his claim that Inter-County's records were inaccurate and incomplete to any significant degree, the district court did not err by declining to give his requested jury instructions.

AFFIRMED.