See also 2006 WL 840348.

**Larry P. KIRBY, Appellant**

v.

**\*Estate of Rodney D. JOHNSON, individually; Rodney D. Johnson, trading and doing business as Buffalo Express.**

No. 06–2009.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Sept. 22, 2006.

Filed: Sept. 29, 2006.

* (Amended in accordance with Clerk's Order    dated 4/25/06).

Larry P. Kirby, Mineralridge, OH, pro se.

Edward A. Yurcon, Courtney B. Barthelemy, Anstandig, McDyer & Yurcon, Pittsburgh, PA, for Appellees.

Before: BARRY, CHAGARES and COWEN, Circuit Judges.

## OPINION

PER CURIAM.

Larry Kirby, proceeding *pro se*, appeals from a judgment of the United States District Court for the Western District of Pennsylvania in favor of the Estate of Rodney D. Johnson, individually, and Rodney D. Johnson, trading and doing business as Buffalo Express (together, "the Trucking Company Defendants") in a breach of contract action. For the reasons that follow, we will affirm.

In July 2000, Kirby entered into a written agreement with Buffalo Express to buy a truck referred to as Unit 226 (the "Lease/Purchase Agreement"). Kirby would own the truck upon completion of the specified payments. On the same day, Kirby and Buffalo Express entered into a second written agreement under which Kirby agreed to haul freight for Buffalo Express in exchange for a percentage of the gross revenues. Kirby claimed that he was promised a minimum number of freight trips, which were necessary for him to make his payments under the Lease/Purchase Agreement. In February 2002, after disputes arose between the parties, Kirby took possession of Unit 226 and stopped making payments under the Lease/Purchase Agreement.

Kirby filed suit in District Court against the Trucking Company Defendants pursuant to 28 U.S.C. § 1332.[1] Kirby claimed that the Trucking Company Defendants overcharged him for various items, including repairs to Unit 226.[2] The Trucking Company Defendants counterclaimed that Kirby converted Unit 226 by removing it from Buffalo Express' premises for his own benefit. They also made a claim for replevin to recover the truck.[3] The Trucking Company Defendants further claimed breach of contract based upon Kirby's failure to make lease payments for Unit 226 and their inability to operate the Unit. They sought punitive damages based upon Kirby's interference with their right to possess or control Unit 226.

The case proceeded to trial, and a jury reached a verdict in favor of the Trucking Company Defendants on Kirby's breach of contract claims. The jury awarded the Trucking Company Defendants $7,199.38 on their breach of contract counterclaim and $16,256.64 on their conversion counterclaim. The jury also awarded the Trucking Company Defendants $100,000 in punitive damages. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

1. Kirby initially named as defendants Rodney Johnson and his wife, each individually, and Rodney Johnson and his wife, doing business as Buffalo Express. Rodney Johnson passed away before trial, and his estate was substituted as a party. The District Court granted Rodney Johnson's wife's motion for judgment as a matter of law.

2. Kirby also claimed that the Trucking Company Defendants defrauded him of revenue and misrepresented the number of freight trips he would make under their contract. The District Court granted summary judgment for the Trucking Company Defendants on these claims, and they are not at issue in this appeal.

3. Kirby, however, returned the truck after the Trucking Company Defendants filed their answer and counterclaims.

Kirby argues on appeal that the District Court erred in ruling that he could not refer to Rodney Johnson's deposition at trial. He states that "the other side knew they were saying things that the District Judge would not let us prove to be false from Rodney's deposition," and contends that Johnson's testimony was admissible under a hearsay exception. Appellant's Br. at 7, 10. Kirby has not established that the District Court abused its discretion. He fails to describe the testimony he believes was false or the deposition testimony he contends was improperly excluded. In addition, because Kirby has not ordered the trial transcript, we are unable to further review the trial court's ruling.

Kirby also contends that the District Court erred in ruling that Rodney Johnson's wife was not an owner of Buffalo Express, which resulted in her dismissal as a party to the action. Kirby states that the District Court ignored evidence establishing that Johnson's wife operated Buffalo Express, shared in its profits and losses, and held herself out as an operator of Business Express. Kirby again has not established that the District Court erred. We are unable to review the evidence presented at trial absent the transcript.[4] Moreover, Kirby does not explain how a conclusion that Johnson's wife was an owner of Buffalo Express would benefit him in light of the jury's verdict that he breached the contract and converted the truck.

Kirby also challenges the District Court's denial of his motion to alter the punitive damages award. The District Court found the motion untimely under Federal Rule of Civil Procedure 59(e). The District Court also noted that it lacked jurisdiction to entertain the motion because Kirby had already filed a notice of appeal. We are unable to review the District Court's denial of the Rule 59 motion because Kirby did not file an appeal from the District Court's order. *See* Fed. R.App. P. 4(a)(4)(B)(ii) (requiring the filing of a notice of appeal or an amended notice of appeal to challenge an order disposing of a motion to alter or amend the judgment).

Finally, Kirby argues that the jury's verdict is against the weight of the evidence. Kirby, however, did not preserve this issue for appeal by filing a motion for a new trial in District Court. *See Etienne v. Inter–County Security Corp.,* 173 F.3d 1372, 1375 (11th Cir.1999) (holding same).

Accordingly, we will affirm the judgment of the District Court.[5]

---

4. The Trucking Company Defendants have provided excerpts of the transcript, but they only reflect the trial court's ruling.

5. The motion to strike Kirby's brief is denied.