KORMAN, District Judge,
concurring:
I concur in the majority opinion. I write separately with respect to the issue of Fils’s excessive force and pendant state law battery claims against Bergert. Briefly, the majority reverses the order denying Bergert’s motion for summary judgment because the district judge relied on a theory of liability which Fils did not allege in support of the cause of action against Bergert based on his alleged excessive use of force. Specifically, the district judge relied on evidence supplied by Officer Bergert that he had tased Fils during the course of the encounter with her that led to her arrest.
While the majority recognizes that “[a] district court may look at all the evidence in the record to determine whether issues of material fact exist,” it holds that “[t]o prevail on a particular theory of liability, a party must present that argument to the district court.” Majority Opinion 1284, citing Coal, for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1325 (11th Cir.2000). According to the majority “[o]ur adversarial system requires it; district courts cannot concoct or resurrect arguments neither made nor advanced by the parties.” Id. at 1284 (citing Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir.1995) for the unarguable, although entirely different, proposition that “[tjhere is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment”). These cases do not support the application of the rule on which the majority relies to the facts of this case. Both of the foregoing cases involved an appeal from an adverse judgment in which a plaintiff sought to raise and obtain a reversal with respect to an issue which had not been raised in the district court. And it was in this context that we declined to consider the issue on the ground that a party cannot generally obtain a reversal on a ground not asserted below. Moreover, even in those circumstances, we have not adopted a hard and fast rule. See Resolution Trust, 43 F.3d at 598-99; see also, Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1332 (11th Cir.2004) (we “recognize that a circuit court’s power to entertain an argument raised for the first time on appeal is not a jurisdictional one; thus, we may choose to hear the argument under special circumstances”).
We not only have the discretion to consider arguments raised for the first time on appeal, we have also held that we have the discretion to consider arguments not raised either on appeal or in the district court. Olson v. Superior Pontiac-GMC, Inc., 776 F.2d 265, 267 (11th Cir.1985), a case decided under the Fair Labor Standards Act, is particularly apposite. Passing over a detailed discussion of the legal issues in the case, the defendant-appellee moved for rehearing on the ground, inter alia, “that the panel considered an issue not raised below or on appeal when [it] concluded that the employer’s monthly pay period did not meet the recordkeeping requirements of the statute [which was never argued by the plaintiff].” Id. at 266. Indeed, the panel engaged in an exercise that the majority in this case holds to be improper, it “act[ed] as plaintiffs lawyer and constructed] the party’s theory of liability from facts never alleged, alluded to, or mentioned during the litigation.” Majority Opinion 1285. Nevertheless, in denying the petition for rehearing, the Olson panel held that, “[i]n determining an issue in a case, we are not pretermitted by the district court or counsel from considering the record, the statute, case law, and regu *1294 lations.” Id. at 267.[26] Moreover, as Judge Tjoflat has observed, “[i]t is beyond dispute that, in general, we have the power to consider issues that a party fails to raise on appeal, even though the petitioner does not have the right to demand such consideration.” Thomas v. Crosby, 871 F.3d 782, 793 (11th Cir.2004) (Tjoflat, J., concurring) (internal citations omitted). Thus, he continued, “this case ultimately involves a question of our power, not of Thomas’s rights or whether he waived them.” Id.
While there are sound considerations of policy that support the general rule where the appellants failed to alert the district court to arguments that they raise on appeal, those arguments do not apply to a case in which the district court raised and considered the issue sua sponte. Nor is there any sound basis for holding that a district court lacks the same discretion that we do to consider an argument not raised by the parties. On the contrary, there is compelling authority for the proposition that it is entirely proper for a district judge to exercise his discretion to consider such an argument provided that the party adversely affected has had sufficient opportunity to be heard on the issue.
Thus, the Supreme Court has held that a district judge is “permitted but not obliged” to sua sponte entertain affirmative defenses that have not been raised by the defendant, including the statute of limitations. See, e.g., Day v. McDonough, 547 U.S. 198, 210, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006). We have likewise held that “when the failure to raise an affirmative defense does not prejudice the plaintiff, it is not error for a trial court to hear evidence on the issue.” Hassan v. U.S. Postal Service, 842 F.2d 260, 263 (11th Cir.1988). Moreover, the Supreme Court has observed that “that district courts are widely acknowledged to possess the power to enter summary judgment sua sponte, so long as the losing party was on notice that she had to come forward with all her evidence.” Celotex Corporation v. Catrett, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); see also, 10A Wright, Miller and Kane, Federal Practice and Procedure § 2720 (3d ed.1998) p. 339 (“The major concern in cases in which the court wants to enter summary judgment without a Rule 56 motion by either party is not really one of power,” it is notice to the party against whom it seeks to enter judgment).
The effort of the majority to distinguish Day and Celotex only serves to confirm that, in an appropriate case, a district judge has the discretion to consider sua sponte issues not raised by the parties. Thus, it suggests that “Day’s status as a *1295 habeas case inherently limits its applicability here because the State’s procedural defenses in habeas cases ‘implicate values beyond the concerns of the parties,’ ” Majority Opinion 1286, and it suggests that Celotex is “inapplicable because a district court’s power to render summary judgment sua sponte stems from the courts’ interest in judicial economy ...” Id. at 1286. Without taking issue with the effort of the majority to explain the rationale for these decisions, they plainly support the proposition that this case ultimately involves an issue of discretion and not of power.
Moreover, additional support for this proposition may be found in the cases construing Fed.R.Civ.P. 54 which expressly provides that “every ... final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.” Fed. R.Civ.P. 54(c). As the leading treatise on Federal Practice observes:
[T]he rule has been used to support the conclusion that the legal theories set out in the complaint are not binding on plaintiff. For example, the Second Circuit granted a priority lien to the United States in a bankruptcy proceeding for unpaid social security and withholding taxes even though the government did not urge the lien before the referee or the district court. And ... in an action by members of a union under the Railway Labor Act in which only individual damages and back pay were sought, the Fifth Circuit [in a pre-split case] determined that the action also involved a claim for relief on behalf of the entire craft, although not specifically pleaded, and remanded the action for further proceedings, including an award of whatever relief would be appropriate to vindicate those rights.
10 Charles Alan Wright et al., Federal Practice and Procedure § 2664, 196 (3d ed.1998) citing, inter alia, Mungin v. Florida E. Coast Ry. Co., 416 F.2d 1169 (5th Cir.1969).
Significantly, Rule 54 “has [also] been invoked in conjunction with Rule 56 to support the court’s decision to render summary judgment for the nonmoving party on the ground that that result is justified by the evidence. Although the power to render a summary judgment in the absence of a cross-motion generally is recognized as within the authority of Rule 56, itself, those courts referring to Rule 54(c) simply are noting that the policy of the rule to ensure that pleading technicalities do not control what relief ultimately is awarded also supports the court’s summary-judgment authority.” Id.
All this having been said, the procedural posture of this case is troubling. Specifically, the failure of Fils to invoke the theory of liability on which the district court denied summary judgment suggests a deliberate decision rather than inadvertence. Indeed, the failure of Fils to respond to the argument of Officer Bergert on this appeal confirms a deliberate decision by Fils to limit her excessive force cause of action to the claim (which the majority properly rejects) that she was unjustifiably hurled to the ground with a force sufficient to cause her to lose consciousness. Under these circumstances, it is appropriate to consider as abandoned the ground upon which the district court denied the motion for summary judgment. This provides a sufficient basis for reversal without creating a precedent that would deprive the district court of discretion to deny a motion for summary judgment on a ground not argued.

. Conceding the force of the holding in Olson, Majority Opinion 1285, the majority argues that "[t]he recordkeeping requirements were an issue relevant to the plaintiff's factually-pled claim; the Olson court did not concoct factual allegations on the plaintiff's behalf.'' Majority Opinion 1286. This is a distinction cannot withstand analysis. The critical fact upon which the majority relied on in Olson — the failure to comply with the recordkeeping statute — was a factual allegation that did not come from the plaintiff, it was raised sua sponte. So too was the legal theory to which those facts were relevant. Moreover, the majority’s suggestion that the district judge in the present case "concoct[ed] factual allegations” does a disservice to a conscientious district judge who relied on factual admissions from the defendant Bergert’s written report and affidavit as a basis for denying his motion for summary judgment. The facts were directly relevant to Fils's cause of action for excessive use of force, and they were not inconsistent with the allegations in the complaint — the adequacy of which was never challenged. A district judge clearly has the discretion to consider the entire record in ruling on a motion for summary judgment without being accused of "concoctflng] factual allegations.” See, e.g. Clinkscales v. Chevron U.S.A., Inc., 831 F.2d 1565, 1570 (11th Cir.1987).