In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

Nos. 17-3643 & 17-3660

ANDREA HIRST, *et al.*,

*Plaintiffs-Appellants*,

*v.*

SKYWEST, INC., *et al.*,

*Defendants-Appellees*.

———————————

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
Nos. 1:15-cv-02036 & 1:15-cv-11117 — **John J. Tharp, Jr.**, *Judge*.

———————————

ARGUED SEPTEMBER 7, 2018 — DECIDED DECEMBER 12, 2018

———————————

Before WOOD, *Chief Judge*, ROVNER, and BRENNAN, *Circuit Judges*.

BRENNAN, *Circuit Judge*. In this case, a number of current and former flight attendants challenge an airline's compensation policy of paying for their work in the air but not on the ground. Plaintiffs-appellants ("the Flight Attendants") all work or worked for defendant-appellee SkyWest Airlines, Inc., an airline owned by co-defendant-appellee SkyWest, Inc. (collectively "SkyWest"). The Flight Attendants filed suit

alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and various state and local wage laws, seeking to certify a class of similarly situated SkyWest employees. The district court dismissed the complaint in its entirety, finding that the Flight Attendants had failed to allege a FLSA violation, and that the dormant Commerce Clause barred the state and local claims.

The Flight Attendants plausibly allege they were not paid for certain hours of work. We agree with other federal circuits, however, that under the FLSA the relevant unit for determining a pay violation is not wages per hour, but the average hourly wage across a workweek. Because the Flight Attendants failed to allege even a single workweek in which one of them received less than the federal minimum wage of $7.25 per hour, we affirm the dismissal of those claims.

We do not agree, though, with the application of the dormant Commerce Clause in this case. States possess authority to regulate the labor of their own citizens and companies, so we apply that doctrine sparingly to wage regulations. The dormant Commerce Clause does not preclude state regulation of flight attendant wages in this case, particularly when the FLSA itself reserves that authority to states and localities. Accordingly, we reverse the dismissal of the state and local wage claims and remand for further proceedings.

## I. Background

This appeal is from a dismissal on the pleadings, so we recount the facts as alleged in the complaint, resolving all reasonable inferences in favor of the Flight Attendants. *Sloan v. Am. Brain Tumor Ass'n*, 901 F.3d 891, 893 (7th Cir. 2018).

SkyWest, an airline headquartered in St. George, Utah, charters planes for other airlines. SkyWest employs over 2,600 people as cabin crew, and either currently employs or formerly employed the eight plaintiffs-appellants in this case.[1] SkyWest flight attendants are based out of airports in ten different states, including these Flight Attendants' home states of Arizona, California, Illinois, and Washington. A new flight attendant at SkyWest earns $17.50 per hour, and wages increase with experience.

A flight attendant's typical workday is long and varied, including time onboard the aircraft as well as in airports before, between, and after flights. SkyWest Flight attendants are paid only for their time in the air, known in the industry as "block time."[2] The amount of block time worked in a given day is much shorter than the "duty day."[3] The eight Flight Attendants each pleaded, with varying specificity, times during which they were not paid for portions of their duty days. For example, plaintiff-appellant Stover alleged a two-week period in October 2012 during which she was paid $656.25 for

---

[1] This consolidated suit was brought by plaintiffs-appellants Andrea Hirst, Molly Stover, Emily Stroble Sze, Cheryl Tapp, Renee Sitavich, Sarah Hudson, Brandon Colson, and Brüno Lozano.

[2] As defined by the Flight Attendants, "block time" is the time between "block out" (when a flight attendant closes the main cabin door for the aircraft to leave the gate) and "block in" (when an aircraft arrives at the destination jet bridge and a flight attendant opens the main cabin door).

[3] As defined by the Flight Attendants, the "duty day" is the difference between report time (the time at which a flight attendant must have cleared security at the airport) and release time (fifteen minutes after the cabin door opens at the day's final destination).

86.07 hours of duty time, resulting in an average hourly wage of $7.62 per hour. In contrast, plaintiff-appellant Lozano alleged only that he worked many hours of duty time and included no wage-specific information. The common thread underlying the various Flight Attendants' allegations, though, is that none of them alleged a single workweek in which they were paid, on average, less than $7.25 per hour, the federal minimum wage under FLSA, 29 U.S.C. § 206(a)(1)(C).

Plaintiffs-appellants Hirst, Stover, and Stroble Sze sued in March 2015 in the Northern District of Illinois alleging that SkyWest violated the FLSA and the Illinois Minimum Wage Law by failing to pay minimum wage. Several months later, plaintiffs-appellants Tapp, Sitavich, Hudson, Colson, and Lozano filed a similar action in the Northern District of California under the FLSA and state and local minimum wage laws and ordinances in California, Arizona, and Washington. Both complaints sought class certification of nationwide, state, and local classes. The two cases were consolidated in the Northern District of Illinois.

After allowing multiple amended complaints and limited discovery, the district court dismissed all of the Flight Attendants' claims with prejudice. The court determined that, in assessing violations of the federal minimum wage, an employee's wage is calculated as the average hourly wage across the workweek. Because none of the Flight Attendants pleaded a single workweek in which they were paid an average wage of less than $7.25 per hour, the court concluded they had not properly pleaded a FLSA violation. The district court also held that their state and local wage claims were preempted by the dormant Commerce Clause. Applying the approach the Supreme Court delineated in *Pike v. Bruce*

*Church, Inc.*, 397 U.S. 137 (1970), the district court ruled that requiring SkyWest to comply with state and local wage laws would impose too great of an administrative burden. The court reasoned that, with flight attendants flying to and from different states and cities all day, as well as flying over many more, the burden on SkyWest would be "clearly excessive in relation to the putative local benefits." *Pike*, 397 U.S. at 142; *Nat'l Solid Wastes Mgmt. Ass'n v. Meyer*, 63 F.3d 652, 657 (7th Cir. 1995) (same). The Flight Attendants timely appealed.

## II. FLSA Claims

First, the Flight Attendants challenge the dismissal of their FLSA claims. We review an appeal from a motion to dismiss de novo. *Adams v. City of Indianapolis*, 742 F.3d 720, 727 (7th Cir. 2014).

FLSA 29 U.S.C. § 206 reads: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce … not less than—$7.25 an hour." The Flight Attendants argue compliance with this provision should be measured differently depending on the wage practices of a given industry. They contend compliance for flight attendants should be measured by "pairing," or work trip out and back from their base airport, instead of by workweek. SkyWest points out that every other federal circuit to reach this issue has applied the workweek measure to *all* industries, and FLSA compliance should therefore be determined from the average hourly pay over a given workweek.

The text of 29 U.S.C. § 206 does not state what measure should be used to determine compliance with the minimum wage, nor do any of the surrounding provisions provide guidance. In light of this, we turn to the interpretation of the

Department of Labor, the administrative agency charged with overseeing the FLSA. "When Congress leaves an administrative agency with discretion to resolve a statutory ambiguity, judicial review is deferential." *Ali v. Mukasey*, 521 F.3d 737, 739 (7th Cir. 2008) (citing *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc*, 467 U.S. 837 (1984)). In 1940, less than two years after the FLSA was enacted, the Department of Labor issued a policy statement adopting the workweek as "the standard period of time over which wages may be averaged to determine whether the employer has paid [the minimum wage]." Wage & Hour Release No. R-609 (Feb. 5, 1940), *reprinted in* 1942 WAGE AND HOUR MANUAL (BNA) 185. While this policy statement has never been codified into an official regulation, to our knowledge and per the parties' arguments, neither has the Department of Labor ever deviated from this understanding. Further, in the eighty years since the FLSA was passed, Congress has never seen fit to amend the law to change this understanding.

Other circuits have uniformly adopted the Department's per-workweek measure. *See, e.g.*, *Douglas v. Xerox Business Services, LLC*, 875 F.3d 884, 887–88 (9th Cir. 2017); *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017); *U.S. Dep't of Labor v. Cole Enterprises, Inc.*, 62 F.3d 775, 780 (6th Cir. 1995); *Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 357 (8th Cir. 1986); *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1576 (11th Cir. 1985), *modified on other grounds*, 776 F.2d 265 (11th Cir. 1985); *Dove v. Coupe*, 759 F.2d 167, 171–72 (D.C. Cir. 1985); *Blankenship v. Thurston Motor Lines*, 415 F.2d 1193, 1198 (4th Cir. 1969); *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960). We see no reason to deviate from the Department's interpretation or the consensus of other federal appellate courts. Therefore, we adopt the

per-workweek measure for determining compliance with 29 U.S.C. § 206, without industry-specific carveouts.

We now apply the per-workweek measure to the pleadings before us. To survive a motion to dismiss for failure to state a claim, the Flight Attendants needed to allege sufficient facts to plead a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Several federal circuits have analyzed the minimum pleading requirements for FLSA claims under a similarly constructed provision governing overtime pay, 29 U.S.C. § 207(a)(1). For example, the Second and Ninth Circuits have held that for overtime claims, plaintiffs must "allege facts demonstrating there was *at least one* workweek in which they worked in excess of forty hours and were not paid overtime wages." *Landers v. Quality Comm., Inc.*, 771 F.3d 638, 646 (9th Cir. 2014) (emphasis added) (citing *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2nd Cir. 2013)). Though plaintiffs need not necessarily plead specific dates and times that they worked undercompensated hours, they must "provide some factual context that will nudge their claim from conceivable to plausible." *Hall*, 846 F.3d at 777 (emphasis in original) (quoting *Dejesus*, 726 F.3d at 90).

The same principles for pleading overtime pay violations apply to minimum wage violations. In order to comply with the requirements of *Twombly, Iqbal*, and FED. R. CIV. P. 8(a)(2), a plaintiff alleging a federal minimum wage violation must provide sufficient factual context to raise a plausible inference there was at least one workweek in which he or she was underpaid. Here, as demonstrated by the district court's thorough and detailed analysis, *see Hirst v. SkyWest, Inc.*, 283 F. Supp. 3d 684, 688–89 (N.D. Ill. 2017), no plaintiff did so,

even after the district court permitted the Flight Attendants to
conduct limited discovery. Claiming they worked many
hours and citing several weeks in which they *were* paid the
minimum wage is not enough to render their claims plausible.
We affirm the dismissal of the Flight Attendants' FLSA
claims.

### III. State and Local Claims

The Flight Attendants next argue their state and local
wage claims should be reinstated. They contend the dormant
Commerce Clause does not apply to this case. Even if it does
apply, the Flight Attendants aver the district court did not
properly analyze the benefits to state and local governments,
and that the FLSA expressly permits the application of state
and local wage laws to employers. SkyWest responds that
under *Pike* the dormant Commerce Clause does apply to this
case, and that the district court accurately assessed the
burdens on SkyWest to comply with state and local wage
laws.

The Commerce Clause grants Congress the authority "[t]o
regulate Commerce … among the several States." U.S. CONST.
art. I, § 8, cl. 3. The Supreme Court has inferred a "dormant"
aspect of the Commerce Clause "that limits states' abilities to
restrict interstate commerce." *Minerva Dairy, Inc. v. Harsdorf*,
905 F.3d 1047, 1058 (7th Cir. 2018) (citing *New Energy Co. of
Ind. v. Limbach*, 486 U.S. 269, 273 (1988)).[4] Under the dormant

---

[4] Given its lack of a textual anchor, the continued validity of the
dormant Commerce Clause has been questioned, *see, e.g.*, *South Dakota v.
Wayfair*, 138 S. Ct. 2080, 2100 (2018) (Thomas, J., concurring), *id.* at 2100
(Gorsuch, J., concurring), but it remains valid law absent a Supreme Court
directive to the contrary.

Commerce Clause, we invalidate a state law only where there is a clear showing of discrimination against interstate commerce, "either expressly or in practical effect." *Park Pet Shop, Inc. v. City of Chicago*, 872 F.3d 495, 501 (7th Cir. 2017).

The dormant Commerce Clause serves as a bulwark against local protectionism. As such, "if the state law affects commerce without any reallocation among jurisdictions and does not give local firms any competitive advantage over those located elsewhere, we apply the normal rational basis standard." *Minerva Dairy, Inc.*, 905 F.3d at 1053 (internal quotation marks and citations omitted); *see also id.* at 1058–59. SkyWest is subject to many minimum wage laws that impose serious compliance costs. But the existence of a great regulatory burden on an employer does not necessarily mean minimum wage laws have a discriminatory effect on interstate commerce. State and local wage laws can burden companies within their own localities just as much, if not more, than out-of-state ones. All airlines—indeed all employers—are subject to these laws, regardless of state citizenship. "*Pike* balancing is triggered *only* when the challenged law *discriminates* against interstate commerce in practical application." *Park Pet Shop*, 872 F.3d at 502 (emphases in original). SkyWest has failed to allege any discrimination against interstate commerce. This failing precludes the application of the dormant Commerce Clause to the Flight Attendants' state and local claims.

Even if minimum wage laws did discriminate against interstate commerce, the dormant Commerce Clause does not apply to state and local laws expressly authorized by Congress. *See, e.g.*, *Northeast Bancorp, Inc. v. Bd. of Gov'rs of Fed. Res. Sys.*, 472 U.S. 159, 174 (1985) ("When Congress so chooses, state actions which it plainly authorizes are invulnerable to

constitutional attack under the Commerce Clause."); *Milwaukee Cty. Pavers Ass'n v. Fiedler*, 922 F.2d 419, 424 (7th Cir. 1991) ("If Congress wants, it can authorize states to engage in activities that but for the authorization would violate the dormant commerce clause."). The FLSA contains such an express authorization. Section 218(a) of the FLSA reads: "No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter … ." Because Congress expressly authorized states and localities to legislate in this realm, the application of multiple minimum wage laws to an employer cannot violate the dormant Commerce Clause.

For the foregoing reasons, we AFFIRM the dismissal of the FLSA claims, and REVERSE and REMAND for further proceedings on the state and local claims.