Maria ORNELAS, et. al., Plaintiffs,

v.

LOS ARRIEROS, LLC,
et. al., Defendants.

CASE NO. 1:15 CV 1361

United States District Court,
N.D. Ohio, Eastern Division.

Signed 01/09/2017

Andrew R. Biller, Andrew P. Kimble, Markovits, Stock & DeMarco, Cincinnati, OH, Robert J. Beggs, Law Office of Robert J. Beggs, Columbus, OH, for Plaintiffs.

Adam C. Stone, Martin & Stone, Bucyrus, OH, for Defendants.

## ORDER

William H. Baughman, Jr., United States Magistrate Judge

### Introduction

Before me,[1] in this matter wherein Maria Ornelas, Victory Vergara, Rito Cruz, and Jesus Martinez assert that Los Arrieros, Chen Los Arrieros Inc., Xiu Yan Dong, and Yong Xiu Chen violated several federal and state provisions[2] during their

---

1. The parties have consented to my jurisdiction, ECF # 12 and the matter has been transferred to me. ECF # 13.

2. ECF # 1 (complaint).

employment of the Plaintiffs, are cross-motions for full summary judgment.[3] The court has jurisdiction over federal claims under 28 U.S.C. § 1331, with supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367. The relevant parties have responded in opposition to the various summary judgment motions.[4] For the reasons that follow, the Defendants' motion for summary judgment will be denied and the plaintiffs' motion for summary judgment will be granted in part and denied in part.

### Facts

The necessary, undisputed facts will be briefly stated here, with relevant facts being discussed further in the analysis.

### A. Los Arrieros Restaurant

Los Arrieros Restaurant is owned by Los Arrieros, LLC and was previously owned by Chen Loss Arrieros, LLC.[5] Los Arrieros, LLC and Los Arrieros Restaurant are operated by Xiu Yan Dong and Yong Xiu Chen using a "loose" management style where employees are responsible to both operators.[6]

### B. Employees of Los Arrieros Restaurant

Mario Ornelas, Rito Cruz, Jesus Martinez, and Victor Vergara were employees of Los Arrieros Restaurant. Ornelas was employed as a waitress from July 2012 to July 2014.[7] Cruz was employed as a cook from 2008 to the fall of 2014.[8] Vergara was employed as a waiter from July 2012 to July 2014.[9] Jesus Martinez was employed as a waiter from July 2012 to September of 2014.[10]

### 1. Procedural History

The plaintiffs filed a collective action complaint with this court on July 8, 2015.[11] The complaint alleges 10 state and federal claims:

1. Violation of Article II, section 34a of the Ohio Constitution: Failure to Pay Tipped Minimum wages;

2. Violation of the Fair Labor Standards Act: Failure to Pay Tipped Minimum Wages;

3. Violation of Article II, Section 34a of the Ohio Constitution: Violation of Tip Provision;

4. Violation of Article II, section 34a of the Ohio Constitution: Failure to Pay Minimum Wages;

5. Violation of the Fair Labor Standards Act: Failure to Pay Minimum Wages;

6. Violation of Ohio Minimum Wage Fair Standards Act: Failure to Pay Overtime Wages;

7. Violation of the Fair Labor Standards Act: Failure to Pay Overtime Wages;

---

**3.** ECF # 23 (defendants' motion for summary judgment); ECF # 24 (plaintiffs' motion for summary judgment).

**4.** ECF # 26 (plaintiffs' opposition to motion for partial summary judgment); ECF # 27 (defendants' opposition to motion for summary judgment).

**5.** ECF # 24, Attachment # 9 (articles of incorporation for Chen Los Arrieros), Attachment # 11 (articles of incorporation for Los Arrieros LLC).

**6.** ECF # 24, Attachment # 3 (Yong Xiu Chen interrogatories) at 8.

**7.** ECF # 24, Attachment # 5 at 2.

**8.** ECF # 24, Attachment # 8 at 7.

**9.** ECF # 24, Attachment # 6 at 8.

**10.** ECF # 24, Attachment # 7 at 8.

**11.** ECF # 1.

8. Violation of the Fair Labor Standards Act: Failure to Inform Employees of Tip Credit;

9. Violation of O.R.C. § 4113.15 requiring tendering of pay by regular payday; and

10. Violation of Article II, Section 34a of the Ohio Constitution: Failure to Maintain Wage and Hour Records.[12]

The parties consented to my jurisdiction on September 11, 2015.[13] On February 5, 2016, both parties filed motions for summary judgment on all claims.[14] One month later, they each filed briefs opposing the other party's motion.[15] Two weeks after the opposition briefs were filed, the Plaintiffs filed a reply to the Defendants' opposition brief.[16]

## Analysis

### A. Standard of Review

#### 1. Summary Judgment

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[17] The burden of showing the absence of any such "genuine issue" rests with the moving party:

[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.[18]

A fact is "material" only if its resolution will affect the outcome of the lawsuit.[19] Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.[20] The court will view the summary judgment motion "in the light most favorable to the party opposing the motion."[21]

▐ Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.[22] Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[23] Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant sum-

12. *Id.* at 13–17.

13. ECF # 12.

14. ECF # 23 (defendants' motion for summary judgment); ECF # 24 (plaintiffs' motion for summary judgment).

15. ECF # 26 (plaintiffs' opposition brief); ECF # 27 (defendants' response brief).

16. ECF # 28 (plaintiffs' reply brief).

17. Fed. R. Civ. P. 56(c).

18. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing Fed. R. Civ. P. 56(c)).

19. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

20. *Id.* at 252.

21. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

22. *McDonald v. Petree*, 409 F.3d 724, 727 (6th Cir.2005) (citing *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548).

23. *Leadbetter v. Gilley*, 385 F.3d 683, 689 (6th Cir.2004) (quoting *Anderson*, 477 U.S. at 248–49, 106 S.Ct. 2505).

mary judgment.[24] In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict."[25] However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard.[26]

■ Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover.[27] The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury."[28] The text of Fed. R. Civ. P. 56(e) states:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

"In other words, the movant can challenge the opposing party to 'put up or shut up' on a critical issue."[29]

[7, 8] Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred that " 'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.' "[30] Rule 56(e) also has certain, more specific requirements:

[it] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.[31]

However, the district court may consider evidence not meeting this standard unless the opposing party affirmatively raises the issue of the defect. The burden is on the opposing party to object to the improper evidence; failure to object constitutes a waiver.

If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.[32]

■ As a general matter, the judge considering a motion for summary judg-

**24.** *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505 (citation omitted).

**25.** *Id.* at 252.

**26.** *March v. Levine,* 249 F.3d 462, 471 (6th Cir.2001).

**27.** *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505.

**28.** *Cox v. Kentucky Department of Transportation,* 53 F.3d 146, 149 (6th Cir.1995).

**29.** *BDT Products, Inc. v. Lexmark Int'l Inc.,* 124 Fed.Appx. 329, 331 (6th Cir. 2005).

**30.** *Wiley v. United States,* 20 F.3d 222 (6th Cir.1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988)).

**31.** *Id.* at 225–26 (citations omitted).

**32.** *Id.* at 226 (citations omitted).

ment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law."[33] The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter.[34] The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[35]

■ In sum, proper summary judgment analysis entails:

> the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[36]

## B. Application of Standard

### 1. Federal FLSA Claims

#### a. Defendants' Motion for Summary Judgment on Federal Claims

■ For the reasons that follow the defendants' motion for summary judgment on claims two, five, seven, and eight will be denied because of disputed material facts.

The defendants claim that Los Arrieros is not subject to the regulation of the Fair Labor Standards Act because they are not covered by the enterprise provision.[37] This provision applies to businesses that: (1) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.[38]

The defendants' motion fails because there is a dispute as to the total yearly income of the defendants' restaurant.[39] In support of their assertions, the defendants provide unsigned, self-prepared tax returns for 2009–2014, each indicating that gross revenue is under $500,000.[40] But, there is no affidavit stating their authenticity such as would make the evidence proper for consideration here in this court, nor are the returns signed.[41] In addition, each plaintiff employed as a server submitted an affidavit testifying that each consistently saw daily receipts that typically range from $1500–$3000.[42] They also submitted photo evidence of multiple daily receipts—each showing over $2000 in revenue.[43] There is evidence, in the form of audio recordings, that the defendants had attempted to falsify records during the plaintiffs' period of employment,[44] which sup-

---

33. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

34. *Id.* at 249.

35. *Id.*

36. *Id.* at 250.

37. 29 U.S.C. § 206(a).

38. 29 U.S.C. § 203(s)(1)(A).

39. *See Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F.Supp.3d 337 (E.D.N.Y. 2014)(case with similar application of law to FLSA contested business income).

40. ECF # 27, Attachment # 4 (tax filings for 2009–2014).

41. Fed. R. Civ. Pro. 56(c)(2).

42. ECF # 24, Attachment # 5 (Ornelas affidavit) at 3, Attachment # 6 (Vergara affidavit) at 10, Attachment # 7 (Martinez affidavit) at 10.

43. ECF # 26, Attachment # 7 (photos of daily receipts).

44. ECF # 24, Attachment # 15 (manual filing of audio recording).

ports the plaintiffs' assertion that the gross income of Los Arrieros is higher than the tax returns indicate. An addition of a signature on the defendants' tax return would make it admissible as evidence and therefore this court finds that there are material facts in dispute.[45]

Accordingly, the motion for summary judgment on claims two, five, seven, and eight is denied because of disputed material facts.

As part of the motion for summary judgment on the federal claims, the defendants have moved to dismiss the plaintiffs' state law claims under 28 U.S.C. § 1367(C).[46] That section gives this Court discretion to decline the exercise of supplemental jurisdiction over state law claims if "the district court dismisses all claims over which it has original jurisdiction."[47] Because I have denied the defendants' motion for summary judgment as to the federal claims, consideration of declining supplemental jurisdiction is premature. I, therefore, also deny the defendants' motion to dismiss the state claims for want of subject matter jurisdiction.

### b. Plaintiffs Motion for Summary Judgment on Federal Claims

The plaintiffs' motion for summary judgment on claims two, five, seven, and eight is denied because of disputed material facts. Los Arrieros concedes that

they meet the first prong of the enterprise provision, but in order for a business to be subject to FLSA, it must meet both prongs.[48] As analyzed above, the enterprise provision's applicability to Los Arrieros and it's management has disputed material facts directly related to the income requirement of the second prong.

The plaintiffs also claim that Cruz, the cook, does not fall into a category exempt from the FLSA overtime pay requirement.[49] In accordance with the facts laid out in his affidavit[50] and because the defendants do not challenge this assertion, Cruz would be due overtime wages under FLSA if the employer is subject to them.

Accordingly, the motion for summary judgment on claims two, five seven, and eight is denied because of disputed material facts.

### 2. State Law Claims

### a. Plaintiffs' Motion for Summary Judgment on State Law Claims

Plaintiffs' motion for summary judgment on claims one, three, four, six, nine, and ten are granted. There is no dispute that the defendants meet the income requirements to be subject to state of Ohio claims.[51] The defendants conceded they were employers of the plaintiffs in their interrogatories,[52] thus they are personally

**45.** See Rocha, 44 F.Supp.3d at 337 (federal court denied summary judgment because of material facts in dispute regarding business income despite unsigned tax return being used as evidence).

**46.** ECF #23, at 11.

**47.** 28 U.S.C. § 1367(C)(3).

**48.** 29 U.S.C. § 203(s)(1)(A)

**49.** See 29 U.S.C. § 201; also Corning Glass Works v. Brennan, 417 U.S. 188, 196–97, 94

S.Ct. 2223, 41 L.Ed.2d 1 (1974) (employers duty to prove that it's employees fall within an exempt category).

**50.** ECF # 24, Attachment # 8.

**51.** O.R.C. § 4111.03(D)(2) (Ohio Minimum Fair Wage Standards Act applies to all business who make over $150,000 in revenue); Ohio Constitution has no revenue requirements.

**52.** ECF # 24, Attachment # 3 at 8, Attachment # 4 (Xiu Yang Dong interrogatory) at 7.

liable [53] for the defendant's claims.[54]

### i. Minimum Wage and Overtime Payments

██ Claims one, four, and six directly involve the failure to pay minimum wages and overtime wages. The plaintiffs established in their affidavits that they were employed for over 40 hours a week, yet they did not receive overtime wages.[55] Plaintiffs Ornelas, Vergara, and Martinez were not paid any wages at all and were only compensated with earned tips.[56] Cruz was paid a weekly wage of $400 in cash, but was not paid overtime.[57] The defendants counter by arguing that the plaintiff's request for W–2's indicated that they were receiving wages.[58] The defendants did not provide any affidavits indicating that the plaintiffs were fairly paid or copies of W–2's for the time period in dispute.[59] The employment records that the defendants provided did not include any affidavits attesting to their authenticity and show only a small fraction of the time period plaintiffs worked for them.[60]

Accordingly, because the defendants fail to show a dispute as to the material facts, even when viewed in the light most favorable to the nonmoving party, summary judgment on claims one, four, and six is granted to the plaintiffs.

### ii. Tip Provision

██ Claim three is an alleged violation of Ohio Constitution, Article II, Section 34a regarding tip provisions. Tipped employees may receive wages of not less than half of the minimum wage rate if the wages and tips combined equal or surpass the minimum wage rate.[61] Employers are able to receive a tip provision from their employees, but only if the employees tips and wages still surpass the minimum wage rate.[62] It was established above that the servers were paid less than minimum wage and therefore the defendants could not claim a tip provision.

Accordingly, the plaintiffs' motion for summary judgment on claim three is granted.

### iii. Failure to Tender Pay by Regular Payday .

██ O.R.C. § 4113.15 requires that employers pay their employees within 30 days of when payments are due.[63] In claim

---

**53.** *United States DOL v. Cole Enters.*, 62 F.3d 775, 778 (6th. Cir. 1995) (corporate officer who has operational control of the corporations enterprise is also an employer); *see also Ellington v. City of East Cleveland*, 689 F.3d 549 (6th Cir. 2012) (corporate officers are several and jointly liable for corporations actions when they exercise operational control); ECF # 24, Attachments 9, 11 (corporate filings indicating owners of corporation).

**54.** In addition to Cheng Los Arrieros and Los Arrieros, LLC.

**55.** ECF # 24, Attachment # 5 at 4, Attachment # 6 at 10, Attachment # 7 at 10, Attachment # 8 (Cruz affidavit) at 9.

**56.** ECF # 24, Attachment # 5 at 5, Attachment # 6 at 11, Attachment # 7 at 11.

**57.** ECF # 24, Attachment # 8 at 9.

**58.** ECF # 27, Attachment # 5 (employment records of plaintiffs).

**59.** The only W–2's provided were submitted by the plaintiffs, which were inaccurate according to the plaintiffs' affidavits.

**60.** ECF # 27, Attachment # 5.

**61.** Ohio Const. Article II Section 34a.

**62.** *Id.*

**63.** "Every...corporation...shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or

 

nine, plaintiffs claim the defendants failed to comply with this provision. As established above, the failure to pay wages and overtime wages to the plaintiffs clearly results in a violation of this section. In addition, the defendants do not contest the facts established by the plaintiffs regarding payment dates.

Accordingly, summary judgment on claim nine is granted to the plaintiffs.

### iv. Failure to Maintain Wage and Hour Records

 Article II, Section 34a of the Ohio Constitution requires employers to maintain wage and hour records. The plaintiffs provided estimated work schedules in their affidavits.[64] The defendants provided employment documentation showing time cards, with nothing verifying the authenticity.[65] The plaintiffs stated in their affidavits that they were forced to sign false time cards,[66] in addition to providing a recording of a defendant instructing plaintiffs to lie about their work hours.[67] The defendants provide no evidence of wage records. The defendants have not contested the plaintiffs' claim with any additional evidence. The defendants fail to provide evidence to dispute the material facts asserted by the plaintiffs.

Accordingly, the plaintiffs motion for summary judgment on claim ten is granted.

### b. Defendants' Motion for Summary Judgment on State Law Claims

As analyzed above, defendants' motion for summary judgment on claims one, three, four, six, nine, and ten is denied.

### Conclusion

The defendants motion for summary judgment [68] is denied in full. The plaintiffs motion for summary judgment [69] is granted on claims one, three, four, six, nine, and ten. The plaintiffs motion for summary judgment is denied on claims two, five, seven, and eight because of disputed material facts.

IT IS SO ORDERED.

---

before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

**64.** ECF # 24, Attachment # 5 at 4, Attachment # 6 at 10, Attachment # 7 at 10, Attachment # 8 at 9.

**65.** ECF # 27, Attachment # 5 (time cards for a small fraction of the time plaintiffs were employed).

**66.** ECF # 24, Attachment # 5 at 5, Attachment # 6 at 11, Attachment # 7 at 11, Attachment # 8 at 9.

